James H. JOHNSON, Appellant,

v.

STATE OF KANSAS and Tracy A. Hand, Warden, Kansas State Penitentiary, Lansing, Kansas, Appellees.

No. 6463.

United States Court of Appeals Tenth Circuit.

Oct. 29, 1960.

Rehearing Denied Dec. 1, 1960.

William E. Shade, Denver, Colo., for appellant.

Charles N. Henson, Jr., Asst. Atty. Gen. (John Anderson, Jr., Atty. Gen., on the brief), for appellees.

Before MURRAH, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

This is a habeas corpus proceeding in which the petitioner seeks release from the Kansas State Penitentiary where he is serving a 30-year sentence as an habitual criminal. The petition alleged that the petitioner was denied due process of law when, after having been convicted of the crime of grand larceny, he was brought before the court and sentenced as an habitual criminal without pre-trial notice that the provisions of the Kansas habitual criminal statute [1] would be invoked, and without a judicial hearing to determine whether he was subject to the provisions of the statute.

The validity of the statute has been upheld in numerous decisions, and the Kansas Supreme Court has outlined the procedure to be followed when its provisions are invoked. Browning v. Hand, 184 Kan. 365, 336 P.2d 409, certiorari denied 361 U.S. 926, 80 S.Ct. 295, 4 L.Ed.2d 240; State v. Messmore, 175 Kan. 354, 264 P.2d 911; Scott v. Hudspeth, 171 Kan. 320, 232 P.2d 464. In State v. Woodman, 127 Kan. 166, 272 P. 132, 134, it was stated that the statute does not create a new offense but " * * * merely prescribes a greater penalty for one who is convicted a second time of the commission of a felony and a still greater penalty for one who is convicted of a felony for the third time." In Levell v. Simpson, 142 Kan. 892, 52 P.2d 372, appeal dismissed 297 U.S. 695, 56 S.Ct. 503, 80 L.Ed. 986, rehearing denied 297

U.S. 728, 56 S.Ct. 592, 80 L.Ed. 1011, the court approved the procedure of determining in a subsequent hearing the question of whether a person convicted of a felony is an habitual criminal. In the Woodman and Levell cases it was recognized that the determination of the status of a defendant as an habitual criminal is a judicial procedure and that the defendant is entitled to notice thereof and an opportunity to be heard.[2]

The appropriateness and validity of such punishment have long been recognized, and the theory is not repugnant to the Federal Constitution. Graham v. West Virginia, 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917; 25 Am.Jur. Habitual Criminals, § 3, et seq. Most of the states have enacted statutes which provide a more severe punishment for those who are prior offenders. The penalties which may be invoked under these statutes are extremely severe, and those so charged are entitled to the protection which the Constitution affords when the issue is to be determined. The fundamental requisites of due process, when the statute is to be invoked, are reasonable notice and an opportunity for a full and complete hearing, with the right to the aid of competent counsel. Chandler v. Fretag, 348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4; Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158.

Contrary to the allegations of the petitioner, the record shows that on September 22, 1955, he was notified in writ-

---

1. Kan.Gen.Stat.1949, § 21–107a, provides: "Every person convicted a second time of felony, the punishment of which is confinement in the penitentiary, shall be confined in the penitentiary not less than double the penalty of the second conviction; and if convicted a third time of felony, he shall be confined in the penitentiary for a period of not less than fifteen years. Judgment in such cases shall not be given for the increased penalty, unless the court shall find, from the record and other competent evidence, the fact of former convictions for felony committed by the prisoner, in or out of this state."

2. In State v. Woodman, 127 Kan. 166, 272 P. 132, 134–135, the court said: " * * * In this state it is no concern of the jury what the penalty for a crime may be, and it is just as well that the jurors' minds should not be diverted from the question of defendant's innocence or guilt by facts concerning defendant's prior convictions of other felonies. It is also fairer to defendant to keep such matters entirely away from the jury. After conviction, however, and before the allocution, the defendant should be timely apprised that a sentence under the act of 1927 will be demanded against him, so that he may show cause, if he can, why such higher penalty should not be imposed."

ing that evidence would be offered and the court requested to sentence him as an habitual criminal; that by agreement of the parties the hearing was had October 1, 1955; that the petitioner was present in open court with his counsel when the prosecution introduced into evidence exhibits which revealed prior felony convictions. The court found that the petitioner had been previously convicted of not less than five felonies, and thereupon sentenced him as an habitual criminal. There is nothing in the record to show that the petitioner denied these prior convictions or that he was not the same person described in the exhibits which were before the sentencing court. If there was error in the admission of evidence, or its sufficiency, the remedy was by appeal. Cunningham v. Hoffman, 179 Kan. 609, 296 P.2d 1081. The petitioner makes no contention here that he did not have a full opportunity to defend at the hearing or that he is not the person shown to have been previously convicted of a number of felonies.

Affirmed.