No. 43,009

NATHANIEL SANDERS, *Petitioner,* v. TRACY A. HAND, Warden, Kansas State Penitentiary, *Respondent.*

(375 P. 2d 785)

Opinion filed November 3, 1962.

*Nathaniel Sanders,* petitioner, was on the briefs *pro se.*

*Park McGee,* Assistant Attorney General, of Topeka, argued the cause, and *William M. Ferguson,* Attorney General, of Topeka, was with him on the briefs for the respondent.

The opinion of the court was delivered by

FATZER, J.: This is an original proceeding in habeas corpus. Petitioner is presently confined by respondent pursuant to a sentence imposed by the district court of Wyandotte County to confinement and hard labor for a term of fifteen years upon conviction by a jury of the crime of grand larceny as defined in G. S. 1949, 21-533.

When petitioner and his counsel appeared before the court on April 24, 1957, for imposition of sentence, the state asked the court

to invoke the provisions of the Kansas Habitual Criminal Act (G. S. 1949, 21-107a). The state thereupon presented evidence of petitioner's two previous felony convictions in the United States district court for the District of Kansas. Thereafter the court, being satisfied with the proof of the two prior convictions, inquired whether the petitioner or his counsel knew of any legal reason why sentence should not be imposed. No cause being shown, the court then imposed sentence under section 21-107a that petitioner be confined in the Kansas State Penitentiary for a term of fifteen years or until discharged by law.

The journal entry originally recited that the introduction of evidence of the prior felony convictions had taken place after the allocution. However, the court having since examined its records, found that to be an erroneous sequence and corrected the journal entry by an order *nunc pro tunc* to comply with the actual sequence of events as heretofore related.

The term which would have constituted a first-offense sentence under G. S. 1949, 21-534, having expired, and the fifteen-year sentence imposed not having been commuted, the petitioner commenced this action, alleging a violation of his constitutional rights to notice and a hearing before imposition of the increased penalty under G. S. 1949, 21-107a.

Was the imposition of sentence upon the petitioner under G. S. 1949, 21-107a, without notice to him prior to the time of hearing on the sentence, a denial of due process of law in violation of the Fourteenth Amendment when he was present both in person and by counsel at the time of sentencing?

The respondent does not dispute the fact that the petitioner had a right to notice of the state's intention to seek an increased sentence under 21-107a, or of a right to a hearing on the issue of his prior felony convictions, but contends that when the petitioner was present in person and by his counsel at the time the state introduced its evidence of prior convictions and neither the petitioner nor his counsel objected to the evidence or to the imposition of sentence at that time, the right to notice and hearing have been waived.

In support of his contention of denial of due process the petitioner cites and relies on *Chewning v. Cunningham,* 368 U. S. 443, 7 L. Ed. 2d 442, 82 S. Ct. 498, involving the Virginia recidivist statute; *Reynolds v. Cochran,* 365 U. S. 525, 5 L. Ed. 2d 754, 81 S. Ct. 723, involving the Florida habitual criminal act; *United*

*States v. Claudy,* 204 F. 2d 624, involving an imposition of the Pennsylvania habitual criminal act, and *Rhea v. Edwards,* 136 F. Supp. 671, affirmed *per curiam* 238 F. 2d 850, involving the Tennessee habitual criminal act.

We have carefully examined the decisions relied upon, but they are clearly distinguishable from the Kansas Habitual Criminal Act (*State v. Woodman,* 127 Kan. 166, 272 Pac. 132; *Levell v. Simpson,* 142 Kan. 892, 52 P. 2d 372) and the application of that Act in the instant case. We are of the opinion that the case before us is controlled by *Browning v. Hand,* 284 F. 2d 346, cert. den. 369 U. S. 821, 7 L. Ed. 2d 786, 82 S. Ct. 833, and fully ascribe to what was said and held in that opinion. There, as here, the petitioner was not informed of the state's intention to request sentencing as an habitual criminal until he was before the court for judgment and sentence. In upholding the increased sentence against a charge of denial of due process because of lack of notice, the court said:

". . . One convicted of a felony in Kansas is entitled to notice of the hearing held to determine whether he is subject to the provisions of the habitual criminal statute, and due process requires notice. This is, however, a right which can be waived. *Cf. Michel v. State of Louisiana,* 350 U. S. 91, 76 S. Ct. 158, 100 L. Ed. 83; *Hawk v. Olson,* 326 U. S. 271, 66 S. Ct. 116, 90 L. Ed. 61; *Adams v. United States,* 317 U. S. 269, 275, 63 S Ct. 236, 87 L. Ed. 268; *Yakus v. United States,* 321 U. S. 414, 444, 64 S. Ct. 660, 88 L. Ed. 834; *United States ex rel. Jackson v. Brady,* 4 Cir., 133 F. 2d 476, *certiorari* denied 319 U. S. 746, 63 S. Ct. 1029, 87 L. Ed. 1702, rehearing denied 319 U. S. 784, 63 S. Ct. 1315, 87 L. Ed. 1727; *United States v. Gill,* D. C. N. M., 55 F. 2d 399. Assuming that prior notice of the hearing was not given, the defendant was present at the hearing with his attorney, and no contention is made that he did not have full opportunity to be heard on all matters under consideration and to controvert the allegation that he had been convicted of previous felonies which would make him subject to the penalties of the habitual criminal statute. The time for complaint was then, not now. *Cf. Williams v. State of Oklahoma,* 358 U. S. 576, 583, 79 S. Ct. 421, 3 L. Ed. 2d 516." (p. 347.)

The case of *Oyler v. Boles,* 368 U. S. 448, 7 L. Ed. 2d 446, 82 S. Ct. 501, was decided the same time as *Chewning v. Cunningham,* supra, and involved an attack on the imposition of the West Virginia habitual criminal act. Mr. Justice Clark, speaking for the court, said:

". . . Indeed, we may assume that any infirmities in the prior convictions open to collateral attack could have been reached in the recidivist proceedings, either because the state law so permits or due process so requires. But this is a question we need not and do not decide, for neither the petitioners

nor their counsel attempted during the recidivist proceedings to raise the issues which they now seek to raise or, indeed, any other issues. They are not, therefore, denied the right to do so. The petitioners' claim that they were deprived of due process because of inadequate opportunity to contest the habitual criminal accusation must be rejected in these cases. Each of the petitioners had a lawyer at his side, and neither the petitioners nor their counsel sought in any way to raise any matters in defense or intimated that a continuance was needed to investigate the existence of any possible defense. . . ."

In the instant case, the petitioner was present in person and by counsel at the time the state requested the district court to invoke the habitual criminal act and increase the sentence. Neither he nor his attorney objected to the application of the statute in sentencing, or attacked the authenticated records of the two previous felony convictions. The court gave them an opportunity to do so, but they remained silent. The time for complaint was then, not now. The claim that the petitioner was denied due process of law is rejected, and the writ is denied.

It is so ordered.