No. 42,910

John Byers, *Appellant,* v. Tracy A. Hand, Warden, Kansas State
Penitentiary, Lansing, Kansas, *Appellee.*

(375 P. 2d 636)

Opinion
filed November 3, 1962.

Appellant was on the brief *pro se.*

*Park McGee,* Assistant Attorney General, argued the cause, and *William M. Ferguson,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

Price, J.: This is an appeal from an order of the district court of Leavenworth county denying an application for a writ of habeas corpus.

In March, 1958, the appellant here, John Byers, was placed on trial in the district court of Neosho county on charges of grand larceny, in three counts. He was represented by counsel throughout the trial and was convicted on each of the three counts. The state, following notice to Byers of its intentions, introduced evidence of two prior convictions of armed robbery. Accordingly, under the habitual criminal statute (G. S. 1949, 21-107a), Byers was sentenced to confinement in the state penitentiary for a term of fifteen years on each of the three counts—the sentences to run consecutively.

While so confined Byers filed in the probate court of Leavenworth county an application for a writ of habeas corpus, setting forth a number of alleged errors in his trial in Neosho county. Following a hearing thereon the application for a writ was denied, whereupon Byers filed an appeal to the district court of Leavenworth county. That court, following a hearing at which Byers was present in person, found that he was legally and lawfully confined in the penitentiary and denied the application for a writ.

This appeal followed.

At the outset we are confronted with the fact the "abstract" filed by appellant fails to include a specification of errors in compliance with rule number 5 of this court (see 188 Kan. XXVII).

The principle is thoroughly settled that where an appellant has made no effort to comply with rule number 5 appellate review is precluded and the appeal will be dismissed. For recent decisions dealing with the question see *Blevins v. Daugherty,* 187 Kan. 257, 356 P. 2d 852; *State v. Armstrong,* 188 Kan. 567, 363 P. 2d 520, and *Lemon v. Pauls,* 189 Kan. 314, 369 P. 2d 355.

There being nothing before us for review, the appeal is dismissed.