**John Edwin BYERS, Appellant,**

v.

**Sherman H. CROUSE, Warden, Kansas State Penitentiary, Lansing, Kansas, Appellee.**

**No. 7788.**

United States Court of Appeals Tenth Circuit.

Dec. 11, 1964.

Philip L. Savage, Oklahoma City, Okl., for appellant.

Richard H. Seaton, Asst. Atty. Gen. (William M. Ferguson, Atty. Gen., and Robert J. Lewis, Jr., Asst. Atty. Gen., on the brief), for appellee.

Before LEWIS, BREITENSTEIN and HILL, United States Circuit Judges.

HILL, Circuit Judge.

This appeal is from an order of the court below denying, after a hearing, appellant's petition for a writ of habeas corpus.

Appellant, Byers, was charged, tried and convicted by a jury in the District Court of Neosho County, Kansas, on three counts of grand larceny, in violation of Kan.G.S.1949, 21–533. At the trial Byers was represented by retained counsel and, after the jury rendered its verdict, the state notified him in open court that on the matter of sentencing it intended to invoke the Habitual Criminal Act of Kansas, G.S.1949, 21–107a. A hearing was held the following day, without objection by appellant, and the state introduced evidence of two prior convictions of armed robbery. Byers did not deny those convictions and did not request an opportunity to present evidence in opposition thereto but, rather, requested that he be sentenced immediately. The court granted his request and sentenced him under the habitual criminal statute to a term of 15 years on each of the three counts, with the sentences to run consecutively. In pronouncing sentence from the bench, the court referred to a jury verdict of guilty on each count under Kan.G.S.1949, 21–523, rather than section 21–533. However, the Journal Entry of conviction refers to the correct statute, section 21–533.

Appellant did not perfect an appeal from his conviction and sentence but subsequently has sought, and been denied, various forms of post-conviction relief. See Byers v. Hand, 10 Cir., 280 F.2d 431; Byers v. Hand, 190 Kan. 438, 375 P.2d 636; Byers v. Parker, 374 U.S. 823, 83 S.Ct. 1892, 10 L.Ed.2d 1081. He then

commenced this habeas corpus proceeding and appeals from the denial by the lower court of his petition.

█ █ Byers first contends that the Kansas Habitual Criminal Act is unconstitutional and violates due process because it does not provide for the giving of fair and reasonable notice of the fact that the defendant is to be sentenced in accordance with the terms of the Act. It is true the statute does not expressly require that a defendant be given notice and an opportunity to be heard when it is to be invoked. However, the Supreme Court of Kansas and this court have consistently upheld the constitutionality of the Act stating that the language of the Act necessarily requires that such notice be given. Sanders v. Hand, 190 Kan. 457, 375 P.2d 785; Levell v. Simpson, 142 Kan. 892, 52 P.2d 372, appeal dismissed, 297 U.S. 695, 56 S.Ct. 503, 80 L.Ed. 986; State v. Woodman, 127 Kan. 166, 272 P. 132; Browning v. Hand, 10 Cir., 284 F.2d 346, cert. denied, 369 U.S. 821, 82 S.Ct. 833, 7 L.Ed.2d 786; Johnson v. State of Kansas, 10 Cir., 284 F.2d 344. Moreover, we think this case is controlled by Browning v. Hand, supra, 284 F.2d at 347, where it was said: "* * * Assuming that prior notice of the hearing was not given, the defendant was present at the hearing with his attorney, and no contention is made that he did not have full opportunity to be heard on all matters under consideration and to controvert the allegation that he had been convicted of previous felonies which would make him subject to the penalties of the habitual criminal statute. The time for complaint was then, not now. * * *" See also Johnson v. Crouse, 10 Cir., 332 F.2d 417.

█ Appellant's next argument that the Act is a bill of attainder is equally without merit. People v. Lawrence, 390 Ill. 499, 61 N.E.2d 361, cert. denied, 326 U.S. 731, 66 S.Ct. 38, 90 L.Ed. 435. The Supreme Court has determined that habitual criminal statutes, such as the one before us, do not violate the Constitution of the United States. Graham v. State of West Virginia, 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917; McDonald v. Commonwealth of Massachusetts, 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542; Moore v. State of Missouri, 159 U.S. 673, 16 S.Ct. 179, 40 L.Ed. 301.

█ Appellant's next contention is that his conviction is void because, he asserts, G.S.1949, 21–533 was repealed on April 6, 1957, and the crimes with which he was charged were committed thereafter or on May 3, 5 and 7, 1957. It is true that section 21–533 was amended in 1957 and the old statute was repealed. Kan.Sess.Laws 1957, ch. 217. But, section 4 of the amending law expressly states that it was not to take effect until after its publication in the statute book. Kan.Sess.Laws 1957, ch. 217, § 4. And, the publication of the statute book took place on June 29, 1957, which is subsequent to the dates on which the crimes were committed. It is therefore apparent that section 21–533 was in full force and effect at the times in question.

█ Finally, appellant contends that the state district court had no jurisdiction to pronounce judgment and sentence upon him. This contention is based upon the fact that at the sentencing the state trial judge referred to a verdict of guilty under section 21–523, the burglary statute, rather than section 21–533, the statute under which he was charged. But, the Journal Entry of conviction cites the correct statute and, at best, the alleged defect is possibly a trial error not reviewable in a habeas corpus case. Carrillo v. United States, 10 Cir., 332 F.2d 202; Odell v. Hudspeth, 10 Cir., 189 F.2d 300, cert. denied, 342 U.S. 873, 72 S.Ct. 116, 96 L.Ed. 656. It is not, in any event, such an error as to deprive appellant of a fundamental right guaranteed by the Constitution and therefore it may not be considered in this proceeding. Hickock v. Crouse, 10 Cir., 334 F.2d 95.

Affirmed.