No. 44,212

Burton D. Thompson, *Appellant,* v. The State of Kansas, *Appellee.*

(403 P. 2d 1009)

Opinion filed July 10, 1965.

*Karl W. Friedel,* of Wichita, argued the cause and was on the brief for the appellant.

*A. J. Focht,* Deputy County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, and *Keith Sanborn,* County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Price, J.: Plaintiff, Burton D. Thompson, being confined in the state penitentiary under a sentence of life imprisonment, filed a motion to vacate the judgment and sentence under the provisions of K. S. A. 60-1507.

He has appealed from an order and judgment denying relief, and the principal question presented is whether the state gave proper and sufficient notice of its intention to invoke the habitual criminal statute.

Although a proceeding under K. S. A. 60-1507 is an inquiry as to the validity of a sentence imposed in a prior criminal prosecution, the proceeding is civil in nature and the movant is technically a "plaintiff." (*Ramsey v. State,* 194 Kan. 508, at pp. 509 and 510, 399 P. 2d 881.) We will, however, throughout this opinion refer to Thompson (movant—plaintiff-appellant) as defendant.

The background of the matter is this:

In 1962, in the district court of Sedgwick county, defendant, being represented by experienced retained counsel, was convicted by a jury of the offense of attempting to cheat and defraud (G. S. 1949, 21-101 and 21-551, now K. S. A. 21-101 and 21-551).

A motion for a new trial was filed and, after argument thereon, was overruled. The court then inquired if there were any legal reasons why sentence should not be imposed. None being offered, the court proceeded to pronounce sentence, but was interrupted by the assistant county attorney who stated that he had evidence of prior convictions so as to invoke the habitual criminal statute (G. S. 1949, 21-107a, now K. S. A. 21-107a). Counsel for defendant objected on the ground the state had not given proper notice of its intention to introduce such evidence. During a discussion of the matter between the court and counsel for both sides it was brought out and admitted that during the trial counsel for defendant had been advised of the state's intention to invoke the statute. The court, after noting the fact the law requires that reasonable notice of the state's intention to invoke the habitual criminal statutes be given to a defendant so as to enable him to defend against such charges—found that defendant had been informed of the state's intention, and advised defendant that he would be given the time and opportunity to defend if he felt it to be necessary. Counsel for defendant then stated that a request for additional time in the matter would prejudice defendant's rights with respect to an appeal and request for stay of execution. The court replied:

"Well, if he desires additional time we will set the ruling on the motion for new trial aside and hold it in abeyance to preserve his appeal."

Following consultation with defendant, his counsel replied:

"We will not request additional time, your Honor."

The state then introduced evidence of four previous felony convictions—three being in the state of Texas and one in the state of Missouri. It was stipulated that defendant was one and the same person as the defendant in those cases.

Following this the court, after finding the fact of the prior felony convictions, again inquired if there were any legal reasons why sentence should not be imposed. Counsel for defendant replied:

"Yes, because the verdict was contrary to the law and the evidence, your Honor. My argument earlier goes to that."

Thereupon defendant was sentenced to confinement in the penitentiary for the remainder of his natural life. (See G. S. 1949, 21-107a and 21-109, now K. S. A. 21-107a and 21-109, and *State v. Fountaine*, 188 Kan. 190, 360 P. 2d 1119.)

Defendant did not appeal.

In 1964, on a date not shown, defendant, being confined under the 1962 sentence of life imprisonment, filed a motion under the provisions of K. S. A. 60-1507 to vacate the judgment and sentence, his principal ground being that he was not given proper notice of the state's intention to invoke the habitual criminal statute.

Following a hearing on the motion the court found that defendant had received proper notice, that his rights had not been violated in any way, that he had not been denied due process of law, and denied the motion.

Defendant, through court appointed counsel, has appealed from the denial of his motion—and makes three contentions.

It first is contended the habitual criminal statute is an *ex post facto* law in that it aggravates the crime and makes the punishment therefor greater than at the time the crime was committed, thus permitting the court to inflict a greater penalty than the law annexed to the crime at the time of its commission, and that such *ex post facto* application of the statute to enhance the punishment amounts to a deprivation of defendant's right to due process of law.

A like contention has been considered by this court and held to be without merit. (*Cochran v. Simpson*, 143 Kan. 273, 276, 53 P. 2d 502.)

It next is contended that by the application of the habitual criminal statute defendant was placed in double jeopardy in that for the second time he was placed in jeopardy for offenses for which he not only had been tried, but also punished.

This contention also has been considered and held to be without merit. (*Johnson v. Crouse*, 191 Kan. 694, 700, 383 P. 2d 978.)

Finally, it is contended that defendant was denied due process of law in that he did not receive proper notice of the state's intention to invoke the provisions of the habitual criminal statute.

The necessity of, and what constitutes proper notice, is discussed fully in *Browning v. Hand*, 284 F. 2d 346, (10th Circuit) cert. den., 369 U. S. 821, 7 L. Ed. 2d 786, 82 S. Ct. 833; *Sanders v. Hand*, 190 Kan. 457, 375 P. 2d 785, and *Johnson v. Crouse*, above, and there is

no occasion here to repeat what was there said and held. The facts of what transpired with respect to this matter have been related. They establish that defendant, who was represented by his own counsel, was given ample opportunity to defend against the state's offer of evidence of prior felony convictions. His contention that he was not given proper notice is completely without merit.

The order denying defendant's motion to vacate the judgment and sentence is affirmed.