No. 44,333

Raymond Lee Webb, *Appellant*, v. State of Kansas, *Appellee*.

(408 P. 2d 662)

Opinion filed December 11, 1965.

*Clifford T. Mueller*, of Kansas City, argued the cause, and was on the brief for the appellant.

*Frank Menghini*, Assistant County Attorney, argued the cause, and *Robert C. Londerholm*, Attorney General, *Leo J. Moroney*, County Attorney, and *Robert D. Loughbom*, Assistant County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Schroeder, J.: This is a proceeding instituted pursuant to K. S. A. 60-1507 in which the district court of Wyandotte County, Kansas, denied the petitioner's motion for discharge from the Kansas State Penitentiary. Appeal has been duly perfected.

The primary question presented by the petitioner on appeal is whether he knowingly and intentionally entered a plea of guilty to a charge of burglary and larceny upon which he was sentenced. Other points incidental thereto will be summarily treated.

On the 13th day of March, 1964, the petitioner was arrested and charged in the city court of Kansas City, Kansas, with four counts of forgery. Being unable to post bond, the petitioner was committed to the Wyandotte County jail to await preliminary hearing.

On the 18th day of March, 1964, the petitioner was rearrested, and on the following day charged in the city court with three counts

of burglary and larceny. Unable to post bond he was recommitted to the Wyandotte County jail to await preliminary hearing on these charges.

The judge of the city court appointed Lawrence Long, an attorney, to represent the petitioner, an indigent, at the preliminary hearing in the forgery case. The judge of the city court also appointed Anthony Russo, an attorney, to represent the petitioner at the preliminary hearing in the case charging him with burglary and larceny.

On the 31st day of March, 1964, the petitioner waived preliminary hearing on the forgery charges and was bound over to the Wyandotte County district court for trial. An information was subsequently filed charging the petitioner with four counts of forgery, and this matter was designated in the district court as Case No. 18,371-CR.

On the 10th day of April, 1964, the petitioner waived preliminary hearing on the burglary and larceny charges and was bound over to the Wyandotte County district court for trial. The county attorney subsequently filed an information charging the petitioner with two counts of burglary and larceny, and this matter was designated in the district court as Case No. 18,375-CR.

On the 1st day of June, 1964, the Hon. Wm. H. McHale, judge of division No. 4 of the district court of Wyandotte County, appointed Anthony Russo, a member of the Wyandotte County bar, to represent the petitioner in both cases.

On the 10th day of June, 1964, the petitioner, Mr. Russo, and the deputy county attorney appeared before Judge McHale, at which time the prosecution dismissed all four counts of forgery in Case No. 18,371-CR, and also dismissed the second count of burglary and larceny in Case No. 18,375-CR. The remaining count of the information in Case No. 18,375-CR charged the petitioner with the theft of a hi-fi record player from the home of Gerald Cartwright, a minister, on the night of March 11, 1964. The court then directed that such remaining count of the information be read aloud to the petitioner. This count charging burglary and larceny was then read in open court to the petitioner, whereupon he entered a plea of guilty to the charge. At this crucial point in the criminal proceedings against the petitioner the transcript of the trial discloses the following:

"THE COURT: Mr. Webb, you have three alternatives: You can plead not guilty, you can plead guilty or you can stand mute and not plead anything, in which event the Court will enter a plea of not guilty for you. What do you desire to do?

"DEFENDANT WEBB: I am guilty of the charge.

"THE COURT: You are guilty of the charge?

"DEFENDANT WEBB: Yes, sir.

"THE COURT: You are guilty and you are pleading guilty?

"DEFENDANT WEBB: Yes, sir.

"THE COURT: No promises and no threats?

"DEFENDANT WEBB: No, sir.

"THE COURT: Okay, defendant pleads guilty. Okay, do you have any reason to suggest why sentence should not be imposed upon you, Raymond?

"DEFENDANT WEBB: Well, all I know is just guilty; that is all.

"THE COURT: How old are you?

"DEFENDANT WEBB: I am 29, sir, at the present time.

"THE COURT: 29?

"DEFENDANT WEBB: Yes, sir.

"THE COURT: You live here in Wyandotte County?

"DEFENDANT WEBB: Yes, I have a family, wife and two children and we are not together right now at the present time.

"THE COURT: How did you happen to get into this trouble then?

"DEFENDANT WEBB: Well, working on a job here for this man. I got a business started and I knowed the business pretty well and he let me go and so I tried to get back even with him on the checks but these hi-fi record player—they were from my pastor. I lived with them for three and a half years and there's nobody actually seen me do anything. I just pled guilty myself to the charge after it was taken to the city and I turned myself in. I called up Boston Daniels and told him to come out and pick me up; that is all; but as far as getting away or—I wasn't trying to hide or nothing like that. He didn't realize I had the record player at my girl's house when he called me up. I told him I had the record player but by that time the next day the police were looking for me; but I definitely stated when he called me I had the record player—told him I'd bring it back that night, but I went to work and didn't have a chance to bring it in. So the police picked me up the next day.

"THE COURT: Well, you have pled guilty to the charge of burglary in the second degree and on that you will be sentenced to not less than 5 nor more than 10 years confinement at the Kansas State Penitentiary at Lansing. On 21-524 which is the commission of larceny in connection with the burglary you will be sentenced to not exceeding 5 years. Both sentences to run concurrently. Are you going to make application, you said?

"MR. RUSSO: Yes, Your Honor, make an application for parole. Also for the purposes of the record at this time I'd like to state that I have represented the defendant since the preliminary hearing stages and that I have conferred with him at several occasions in the Wyandotte County jail, and that I have advised him he has been entitled to a jury trial if he did want it.

"THE COURT: You are hired or appointed?

"MR. RUSSO: No, I have been appointed. I was appointed in the basement, also."

After the petitioner was committed to the State Pentitentiary at Lansing, Kansas, he wrote a letter to Judge McHale (date not disclosed by the record) requesting a parole. The body of the letter reads:

"I am writing this letter, regarding to re-application for a parole, if the honorable court would considered it. I am a family man, my wife and I are separated at this time, if I could be reinstated for application for a parole, it would do my wife, children and I some gooded. I entered a plea of guilty to the crime I committed to the Honorable court, because I realized of the crime I committed. Now while I'm in custody at the Kansas Penitentiary, I realize more of the serious crime, I have committed, and is asking for mercy and leniency of the Honorable court to reinstate me application for parole."

Thereafter and on the 26th day of October, 1964, the petitioner filed his motion to vacate and set aside the judgment and sentence pursuant to K. S. A. 60-1507. The court appointed Clifford T. Mueller, a member of the Wyandotte County bar to represent the petitioner, an indigent, in the hearing on this motion. The motion was argued to Judge McHale in the district court of Wyandotte County on the 20th day of November, 1964, and was overruled. The petitioner was not present in court at the time the motion was presented and argued.

Thereupon appeal was duly perfected to this court by the petitioner through his court-appointed counsel, Mr. Mueller, who has continued to represent him on appeal in this court.

The petitioner's application for discharge in this 1507 proceeding is on a form provided by the district court of Wyandotte County and was prepared by the petitioner himself. The grounds upon which he relies for discharge are rather vaguely stated, but, in general, charge that he was not adequately represented by counsel in the criminal proceedings. He contends that he did not waive preliminary hearing in Case No. 18,375-CR, and did not have any knowledge that the hearing was to be waived.

In a rather lengthy argument to the trial court counsel for the petitioner made various statements and charges on the petitioner's behalf. The primary contention of the petitioner was summarized by his attorney to the lower court as follows:

"I think that I fully understand what Mr. Webb's contentions are and I think his primary contention is that he entered a plea not fully realizing the nature of the offense with which he was charged and that he would not have entered a plea of guilty had he realized that the charge was burglary and larceny as opposed to forgery and uttering. . . ."

The petitioner contends the offense to which he pleaded guilty

did not occur in the nighttime, as alleged in the complaint and information, and that if he had appreciated the nature and purpose of the preliminary hearing, he would have presented the testimony of various witnesses to establish that he was elsewhere at the time the alleged offense was committed, thereby exonerating himself at that stage of the proceedings.

The petitioner contends he was told by Mr. Russo, his court-appointed counsel, that the state intended to dismiss the complaint involving the burglary and larceny charges and proceed only with the prosecution of the case involving the forgery charges. He asserts that it was on the basis of this erroneous information that he agreed with Mr. Russo's suggestion that the preliminary hearing be waived.

The petitioner contends that Mr. Russo's failure to advise him that he would be entitled to present evidence at the preliminary hearing, when coupled with the fact that he was misinformed as to what charges were to be dismissed, created a situation wherein the petitioner was denied an opportunity to have effective legal advice before deciding what course of action to pursue at this important stage of the proceedings.

The petitioner contends that even though count I of the information in Case No. 18,375-CR, charging him with burglary and larceny, was read to him immediately prior to the time he entered his plea of guilty, he remained unaware of the fact that he was admitting the commission of the offenses of burglary and larceny, rather than the forgery charges to which he intended to plead guilty. The petitioner maintains that it was not until he had been committed to the penitentiary and had an opportunity to study a copy of the journal entry of judgment that he realized a mistake had been made.

Accordingly, the petitioner contends that his failure to have a full appreciation and understanding of the nature of the crime to which he was asked to enter a plea—whether such lack of understanding resulted from a breakdown in communications between his court-appointed attorney and himself, or from his own limitations—caused him to enter a plea that was not knowingly and understandingly made. By reason thereof the petitioner argues the judgment and sentence which was imposed upon him should be vacated and set aside.

The trial court after having examined the pleadings and records on file in cases numbered 18,371-CR and 18,375-CR, and after hearing the argument and statement of counsel for both the petitioner and respondent, found as follows:

"The Court finds that on the 1st day of June, 1964, defendant Raymond Lee Webb, petitioner herein, was present in The District Court of Wyandotte County, Kansas, Division No. 4, and the matter of counsel for defendant Webb was discussed; that the defendant had two attorneys representing him in The City Court of Kansas City, Kansas; Anthony Russo in case number 18375 criminal and Lawrence Long, Jr., in case number 18371 criminal. The Court finds that in the proceedings of June 1, 1964, the defendant was told by the court that he was charged with burglary and larceny in case number 18375 criminal and with forgery in case number 18371 criminal, whereupon the Court appointed Anthony Russo, a regularly practicing attorney to represent defendant in both cases.

"The Court further finds that on June 10, 1964, defendant Raymond Lee Webb, petitioner herein, appeared in open court with his appointed counsel, Anthony Russo, whereupon an assistant county attorney, William L. Roberts, requested case number 18371 criminal be dismissed and it was so ordered. Thereupon the assistant county attorney, William L. Roberts, requested count II in case number 18375 criminal be dismissed and it was so ordered.

"The Court further finds Count I of the information in case number 18375 criminal was thereupon read to defendant, Raymond Lee Webb, charging him with burglary and larceny in contravention of G. S. 1949, 21-520, whereupon defendant pleaded guilty. The Court finds defendant stated into the record, 'I am guilty,' and further made a statement into the record in regard to the offense to which he plead guilty.

"The Court, further finds that defendant Raymond·Lee Webb, at no time claimed any misrepresentation and the Court finds in fact that there was no misrepresentation made to defendant. The Court finds defendant was duly advised of the charge and finds that the plea of guilty was freely and voluntarily entered thereto.

"The Court further finds that after defendant's statement as to the offense charged that defendant was advised of his rights again; defendant, having affirmed his plea of guilty, the court thereupon entered sentence and that defendant, together with counsel, made no complaint thereto and asked no questions of the court nor requested that any evidence be adduced or witnesses called.

"The Court further finds that it is not deemed necessary to have petitioner, Raymond Lee Webb, present in person in court for the purpose of this motion, and finds that Clifford Mueller, the attorney appointed to represent petitioner herein, did so in fact represent petitioner; that said attorney was capable and competent and that petitioner was adequately represented herein.

"The Court finds petitioner, Raymond Lee Webb, has failed to substantiate his claim as presented by his attorney, Clifford Mueller, and that his motion to set aside sentence and vacate judgment should be and is hereby denied."

It has been recognized that a plea of guilty, in order to be valid, must be freely, knowlingly and understandingly made. Otherwise it is a violation of the constitutional guarantee of due process and the judgment is void. (*Miller v. Hudspeth*, 164 Kan. 688, 705, 192 P. 2d 147, and authorities cited therein.)

It is to be noted the petitioner was not present at the hearing in the district court on his 1507 motion. It must be conceded that Rule No. 121 (*h*) of the Supreme Court (194 Kan. xxviii) is to be applied in proceedings conducted pursuant to K. S. A. 60-1507. This rule relates to the presence of the prisoner and provides, in substance, that he should be produced at the hearing on a motion attacking a sentence where there are substantial issues of fact as to events in which he participated. The sentencing court, however, is given discretion to ascertain whether the claim is substantial before granting a full evidentiary hearing and requiring the prisoner to be present.

The question posed, therefore, is whether upon the record presented to the trial court the claim of the petitioner is substantial.

For the reasons hereafter assigned, we think the trial court was well within its power of discretion when it determined the petitioner's claim was not substantial and found that it was unnecessary to have the petitioner present or grant an evidentiary hearing. In fact, we think, based upon the record presented, the petitioner's claim has no legal merit.

It is an established rule in proceedings of this nature that the burden of proof is never sustained by the unsupported and uncorroborated statements of the petitioner. (*State v. Richardson,* 194 Kan. 471, 399 P. 2d 799, and Supreme Court Rule No. 121 [*g*].)

Nowhere in the petitioner's motion is any witness named nor is reference made to any other evidence by which the petitioner could substantiate his claim. Furthermore, counsel appointed to represent the petitioner in this proceeding at no time suggested that any witness, other than the petitioner, could substantiate his claim. In fact, counsel argued the truth of the petitioner's contentions must necessarily be determined in large part from his own statements, since he alone knows what was in his mind at the time he entered his plea of guilty.

The transcript of the record taken in the criminal proceeding on June 1, 1964, discloses that the trial judge asked the petitioner specifically about Case No. 18,371 in which Mr. Long was appointed to represent him at the preliminary hearing, and the trial judge referred to it as being the forgery charge, to which the petitioner answered "Yes, sir."

On June 10, 1964, the petitioner and his attorney appeared in the district court, at which time the county attorney asked to dismiss all four counts in Case No. 18,371-CR.

Count II in Case No. 18,375 was also dismissed, and the court directed the reading of count I of the information in Case No. 18,375-CR to the petitioner and his attorney. The information was read aloud. The information refers to the "nighttime," "burglariously," "dwelling house," "steal, take and carry away," "feloniously and burglariously breaking, opening and entering," "steal, take and carry away," "R. C. A. Victor Hi Fi." Nothing to suggest forgery is mentioned in the information.

The petitioner stated "I am guilty of the charge." He further admitted several times that he was guilty and advanced no reason why sentence should not be imposed. The petitioner discussed possession of the record player, acknowledging his guilt, and the court advised him he had entered a plea of guilty to the charge of burglary and larceny.

At no time during the plea or during the sentencing was any statement made that could confuse the issue concerning the crime charged.

The petitioner's plea of guilty is a confession of guilt of the crime charged and of every fact alleged in the charge, and legally speaking, it is the most formal and binding confession it is possible for a defendant in a criminal case to enter. (*State v. Downs,* 185 Kan. 168, 341 P. 2d 957.)

The record further discloses that the petitioner applied for a parole shortly after he was sentenced. Again, after he was in the penitentiary, the petitioner wrote a letter requesting further parole consideration, wherein he again admitted the offense to which he pleaded guilty, and further recognized the validity of the judgment and sentence. (See, *State v. Mooneyham,* 192 Kan. 620, 390 P. 2d 215, cert. den. 377 U. S. 958, 12 L. Ed. 2d 502, 84 S. Ct. 1640; *State v. Irish,* 193 Kan. 533, 393 P. 2d 1015; *State v. Robertson,* 193 Kan. 668, 396 P. 2d 323; and *State v. Baier,* 194 Kan. 517, 399 P. 2d 559.)

Other points raised by the petitioner in his statement of points have either been abandoned or his counsel has virtually conceded them to be without merit.

In conclusion we hold all of the findings of the trial court are supported by the matters contained in the files and records that were before it.

The judgment of the lower court is affirmed.