No. 44,422

Orville Clyde Brown, *Appellant,* v. State of Kansas, *Appellee.*

(409 P. 2d 772)

Opinion filed January 22, 1966.

*Matthew J. Dowd,* of Hutchinson, argued the cause, and was on the brief for the appellant.

*Richard J. Rome,* County Attorney, argued the cause, and *Raymond F. Berkley* and *Lane H. Cronhardt,* Assistant County Attorneys, were with him on the brief for the appellee.

The opinion of the court was delivered by

Schroeder, J.: This is a proceeding instituted pursuant to K. S. A. 60-1507, in which the district court of Reno County, Kansas, denied the petitioner's motion for discharge from the Kansas State Penitentiary. Appeal has been duly perfected.

The disposition of this case turns upon a question of procedure under the foregoing statute. The question is whether the petitioner's presence is required at the hearing on a motion attacking his sentence where there is a substantial issue of fact as to events in which he participated.

The facts upon which the disposition of this case turns are not in dispute.

The petitioner was originally charged with first degree robbery, second degree burglary and grand larceny, in violation of G. S. 1949 (now K. S. A.) 21-527, 21-520 and 21-524. When the petitioner, an

indigent, was called before the city court of Hutchinson, Reno County, Kansas, for a preliminary hearing on the 6th day of June, 1955, he requested the court to appoint counsel for him prior to the commencement of the hearing. This request was denied and the hearing was held with the petitioner conducting cross examination of the state's witnesses. As a result of this hearing he was bound over for trial to the district court on charges of first degree robbery, second degree burglary and grand larceny.

After the preliminary hearing the district court appointed Robert Upp, an attorney, to represent the petitioner in the criminal proceedings.

On the 6th day of October, 1955, in the district court the state dismissed the grand larceny charge, arraignment was waived, and the petitioner entered a plea of not guilty to each count. The case was tried to a jury, and on the 10th day of October, 1955, the petitioner was found guilty of the charges of first degree robbery and second degree burglary. On the 13th day of October, 1955, the petitioner filed a motion for a new trial, and on the 15th day of October it was overruled.

The journal entry recites that on the 18th day of October, 1955, the petitioner was brought before the court "for sentencing and asked if there was any legal reason why sentence should not be pronounced and no legal reason was given. Thereupon the State introduced evidence showing previous felony convictions of the Defendant, Orville Clyde Brown, as follows: [Listed are the judgment and sentence of five prior felony convictions, all in the state of Oklahoma.]"

Upon this evidence the petitioner was sentenced, for having been previously convicted of three or more felony offenses, under the habitual criminal act (G. S. 1949 [K. S. A.] 21-107a) for a term of thirty years on each count, the sentences to run concurrently.

In his motion to vacate the judgment and sentence the petitioner, among other things, alleges that prior to the date of sentencing on the 18th day of October, 1955, he had no notice whatsoever that the state intended to invoke the provisions of the habitual criminal act.

Prior to the hearing on the petitioner's motion to vacate the judgment and sentence the trial court appointed Matthew J. Dowd, an attorney, to represent the petitioner, an indigent.

Apparently the trial court was in doubt, after reviewing the files and records in the criminal proceeding, as to whether the petitioner had been given proper notice prior to sentencing under the habitual

criminal act. As a result it granted an evidentiary hearing in which it permitted the state to call two witnesses, the former county attorney who prosecuted the criminal case against the petitioner, and Mr. Upp, the attorney appointed to represent the petitioner in the criminal proceeding.

The petitioner was not present at the hearing.

When the motion was called for hearing before the trial court, counsel for the petitioner formally objected to the hearing in the absence of the petitioner. On this point the record shows the following:

". . . at this time I would like to register a formal objection to proceeding in the absence of the defendant because it is my understanding that the state intends to call at least two witnesses, Mr. John Alden, who was the County Attorney at the time the moving party was tried, and Mr. Robert Upp, who was the defendant's counsel at the time he was tried. Both of these parties are here to offer testimony on behalf of the state, and what the substance of their testimony is, I do not know at this time, but it will be impossible for me to effectively cross examine either of these gentlemen without the defendant being here to tell me what his side of the story is, because I don't know the defendant and I wasn't present at the time, and there is virtually no one here to offer his side of the story as to the facts that existed at the time he was tried and sentenced other than Mr. Upp, and Mr. Upp will, as I understand it, appear as a witness for the state.

"Now I will attempt to cross examine, if the Court wishes to overrule my formal objection, but it will be next to worthless as far as I can see, and further, although we have arrived at a stipulation of facts, there are facts which are still in doubt and still in dispute upon which the moving party, Orville Clyde Brown, wished to offer testimony at this hearing."

After this argument, and upon inquiry by the court, petitioner's counsel stated that a fact which was still in doubt and still in dispute was whether the petitioner was given notice prior to sentencing that the state intended to invoke the habitual criminal act. He stated the petitioner wished to offer testimony on this point at the hearing.

The trial court overruled the objection, heard the evidence of the state, and in its memorandum decision found "The evidence clearly shows that the defendant was timely apprised of the proposed invocation of the habitual criminal act upon a conviction."

Among the conclusions of law made by the trial court in its memorandum decision are the following:

"5. The defendant has failed to sustain the burden of proof on all factual allegations.

"6. The Court conclusively finds that the defendant's contentions are without merit and that he is not entitled to the relief demanded."

The petitioner filed a motion for rehearing on the ground that he was not present at the hearing on the 1507 proceeding. This motion was overruled on the 6th day of April, 1965.

Fundamental fairness in judicial procedure requires that the court may impose an enhanced penalty under the habitual criminal act only upon the basis of a supporting judicial determination of the essential facts made after the defendant in the criminal case has been notified and heard upon the issue of his prior convictions. The failure to comply with such procedure is a denial of due process of law and makes the enhanced penalty a legal nullity. This was the holding in *United States v. Claudy*, 204 F. 2d 624 (3rd Cir. 1953), where the court said:

". . . it is established that even after conviction the due process clause imposes some significant restraint to assure the essential fairness of the procedure by which a judge shall exercise discretion in fixing punishment within permissible limits. Townsend v. Burke, 1948, 334 U. S. 736, 68 S. Ct. 1252, 92 L. Ed. 1690. But cf. Gryger v. Burke, 1948, 334 U. S. 728, 68 S. Ct. 1256, 92 L. Ed. 1683. Such restraint is the more imperative in the present situation where the challenged sentence cannot lawfully be imposed upon the basis of the finding of guilty as charged in the indictment without more. Here there remains after conviction an issue to be tried with facts to be proved in order to elevate the offense to the aggravated class defined and punished by the Habitual Criminal Act." (p. 628)

This court has said in *State v. Woodman*, 127 Kan. 166, 272 Pac. 132:

". . . After conviction, however, and before the allocution the defendant should be timely apprised that a sentence under the act of 1927 [the habitual criminal act] will be demanded against him, so that he may show cause, if he can, why such higher penalty should not be imposed. . . ." (p. 172.)

After quoting the foregoing statement from the *Woodman* decision, the court said in *State v. Messmore*, 175 Kan. 354, 264 P. 2d 911:

"The reason for such notice is obvious. The convicted person might be able to successfully refute the evidence of former convictions or the evidence adduced might be in a form inadmissible if challenged by proper objection." (p. 356.)

The Tenth Circuit Court of Appeals in construing Kansas law has recognized that the determination of the status of the defendant as an habitual criminal is a judicial procedure, and that the defendant is entitled to notice thereof and an opportunity to be heard. (*Johnson v. State of Kansas*, 284 F. 2d 344, 345 [10th Cir. 1960].)

The same court in *Browning v. Hand,* 284 F. 2d 346 (10th Cir. 1960), said:

". . . One convicted of a felony in Kansas is entitled to notice of the hearing held to determine whether he is subject to the provisions of the habitual criminal statute, and due process requires notice. This is, however, a right which can be waived. . . ." (p. 347.)

The penalties which may be invoked under the habitual criminal statute are extremely severe, and those charged are entitled to the protection which the constitution affords when the issue is to be determined. The fundamental requisites of due process, when the statute is to be invoked, are reasonable notice and an opportunity for a full and competent hearing, with the right to the aid of competent counsel.

The fact thus put in issue by the petitioner—whether he received notice that the state intended to invoke the provisions of the habitual criminal act prior to sentencing—is therefore vitally material to the validity of the sentence imposed. This is a substantial issue of fact as to an event in which he participated.

Supreme Court Rule No. 121 (*h*) (194 Kan. xxviii) provides:

"(*h*) PRESENCE OF PRISONER. The prisoner should be produced at the hearing on a motion attacking a sentence where there are substantial issues of fact as to events in which he participated. The sentencing court has discretion to ascertain whether the claim is substantial before granting a full evidentiary hearing and requiring the prisoner to be present."

It is apparent that the trial court in the exercise of its power of discretion found the claim of the petitioner to be substantial and granted an evidentiary hearing; but it heard only one side of the case, that of the state, and it refused to permit the petitioner to be present over the objection of the petitioner's counsel. On this point we hold the trial court erred. It should have granted the petitioner a full evidentiary hearing by requiring him to be present at the hearing, before it ascertained the facts placed in issue.

What has heretofore been said is not intended to dilute decisions of this court wherein the defendant in a criminal proceeding convicted of a felony was given sufficient notice that the state intended to seek imposition of sentence under the habitual criminal act, or decisions where it has been held that a defendant waived such notice. (See, *State v. Messmore,* supra; *Sanders v. Hand,* 190 Kan. 457, 375 P. 2d 785; *Johnson v. Crouse,* 191 Kan. 694, 383 P. 2d 978; and *Thompson v. State,* 195 Kan. 318, 403 P. 2d 1009.)

Where the sentencing court in the exercise of its power of discretion has determined that it was necessary to have an evidentiary

hearing because the petitioner's claim was substantial, we hold that it was bound to give the petitioner a full evidentiary hearing and require his presence, because it involved a substantial issue of fact as to events in which he participated.

The order of the lower court is reversed with directions to grant the petitioner a full evidentiary hearing prior to a determination of the substantial issue of fact as to events in which he participated.

FONTRON, J., not participating.

SCHROEDER, J., concurring: I fully agree with the opinion written for the court on the point presented. It would be unfair to the trial court, however, to terminate the opinion at this point, and when considered in connection with recent decisions of this court, would be intellectually dishonest.

One of the reasons assigned by the trial court for denying the petitioner's motion was stated when it overruled the petitioner's motion for rehearing in the 1507 proceeding. It said:

"The Court will find that much of the testimony which would be offered is shown by the record, and that the uncorroborated testimony of the petitioner is not sufficient to alter the judgment, and the motion for rehearing will be overruled."

It must be conceded that in proceedings conducted pursuant to K. S. A. 60-1507, the burden of proof is never sustained by the unsupported and uncorroborated statements of the petitioner. (*State v. Richardson,* 194 Kan. 471, 399 P. 2d 799, and Supreme Court Rule No. 121 [g].)

A recent decision of this court based squarely upon this point is *Webb v. State,* 195 Kan. 728, 408 P. 2d 662. There the petitioner was not present at the hearing in the district court on his 1507 motion, but he was represented by court-appointed counsel in the 1507 proceeding, as in the instant case. It was there recognized the sentencing court had discretionary power to ascertain whether the claim of the petitioner was substantial before granting a full evidentiary hearing and requiring him to be present. On the record presented the trial court found the claim of the petitioner was not substantial, and this court, in reviewing the record which was before the trial court in the 1507 proceeding affirmed its decision and recognized that the burden of proof is never sustained by the unsupported and uncorroborated statements of the petitioner.

It is therefore necessary, in my opinion, to distinguish the *Webb* case from the situation presented by the instant appeal to avoid any semblance of conflict between these decisions.

The record in the instant case discloses that counsel stipulated the petitioner would testify that he had no notice whatsoever until right at the sentencing. They further stipulated that the record of the trial in the criminal proceeding pertaining to the sentencing of the petitioner should be considered in evidence.

It cannot be said the reason assigned by the trial court for overruling the motion for rehearing would be unavailing had the issue before it in the 1507 proceeding been one other than notice. On some other issue the fact that the trial court may have determined the issue to be substantial and heard evidence, as in the instant case, could be immaterial, if from the record disclosed on appeal the point presented had no substantial merit as a matter of law in the 1507 proceeding.

For the reasons hereafter assigned, *Rule No. 121 (g) can have no application upon the issue here presented.* Here the petitioner is attacking the sentence on the ground that he had no notice prior to the sentence that the state intended to invoke the provisions of the habitual criminal act. As stated in the opinion for the court, the sentencing court may impose the enhanced penalty under the habitual criminal act only upon the basis of a supporting judicial determination of the essential facts made *after the defendant in the criminal case has been notified and heard upon the issue of his prior convictions.* Failure to comply with such procedure is a denial of due process of law and makes the enhanced penalty a legal nullity.

This point was raised in *United States v. Claudy,* 204 F. 2d 624 (3rd Cir. 1953), where the court said:

". . . Even in civil cases where a personal judgment has been entered without according the defendant reasonable notice and opportunity to be heard, the state may not dilute the requirements of due process by requiring the defendant thereafter to show as a condition precedent to the vacating of the judgment that he has a substantial defense. Coe v. Armour Fertilizer Works, 1915, 237 U. S. 413, 35 S. Ct. 625, 59 L. Ed. 1027. Cf. Griffin v. Griffin, 1946, 327 U. S. 220, 66 S. Ct. 556, 90 L. Ed 635. Thus, regardless of the merits, the establishment of the essential issues in a civil or criminal case must be after reasonable notice and opportunity to be heard if the procedure is to meet the standards of due process." (p. 627.)

Thus, on the point here under consideration whether the petitioner's contentions as to notice are corroborated or not is im-

material. It is only *after* reasonable notice (absent a waiver) and an opportunity to be heard that the court is empowered to pronounce the enhanced penalty under the habitual criminal act. This is a fundamental requirement of due process.

Even if it be assumed that the record must disclose corroborating evidence, the journal entry of the criminal proceeding wherein the petitioner was sentenced discloses that the record of the petitioner's prior convictions was introduced *after the allocution.* (See, *State v. Woodman,* 127 Kan. 166, 272 Pac. 132; and *State v. Engberg,* 194 Kan. 520, 400 P. 2d 701.) This fact, however, does not forego a decision in the trial court on the issue to be determined. When the entire record is presented and the evidence is before the trial court after a full evidentiary hearing, it may be sufficient to uphold a finding that the petitioner did, in fact, have sufficient notice that the state intended to invoke the habitual criminal act prior to sentencing, or that the petitioner waived such notice.

There is some indication in the record that the petitioner may have waived the required notice.

Be that as it may, the trial court in a proceeding such as this under 60-1507, *supra,* is *the sentencing court,* and has been given the power of discretion to ascertain whether the petitioner's claim is substantial. In proceedings of this kind the *sentencing court* is in a favored position.