Raymond Lee WEBB, Appellant,

v.

Sherman H. CROUSE, Warden, Kansas State Penitentiary, Lansing, Kansas, Appellee.

No. 8631.

United States Court of Appeals Tenth Circuit.

April 21, 1966.

Gerald T. Elliott, Kansas City, Kan., for appellant.

Richard H. Seaton, Topeka, Kan., for appellee.

Before HILL and SETH, Circuit Judges, and BOHANON, District Judge.

BOHANON, District Judge.

Appellant is presently confined in the Kansas State Penitentiary, serving concurrent sentences of five to ten years for burglary in the second degree, and five years for larceny, imposed by the District Court of Wyandotte County, Kansas, on June 10, 1964, upon his plea of guilty.

This is an appeal from the United States District Court for the District of Kansas, from an order of the District Judge refusing Petitioner's request to reopen a prior Order denying, without a hearing, his Petition for Writ of Habeas Corpus.

Petitioner originally filed with the District Court his Petition for Writ of Habeas Corpus on May 28, 1965. On June 11, 1965, the District Judge, by Order, stayed action on the Petition because Petitioner then had pending in the Supreme Court of Kansas an appeal from an Order of the State District Court Judge of Wyandotte County denying Petitioner's Application for Writ of Habeas Corpus. The appeal to the Supreme Court of Kansas was under the Kansas Statute, K.S.A. 60–1507, providing for post-conviction remedy. The Petitioner then filed with the Court below an Application seeking to have his appeal to

the Supreme Court of Kansas removed to the United States Court on the alleged ground of prejudice; this Application was denied. On December 27, 1965, Petitioner filed a letter which the Court considered as a motion to reopen his prior Petition for Writ of Habeas Corpus. This last application was denied without a hearing.

Petitioner complains that:

The Court erred in not granting him an evidentiary hearing;

He did not knowingly and understandingly plead guilty to the charges in the State District Court;

He was provided incompetent and inadequate representation by counsel in the State District Court; and

He was induced to make a confession, prior to his guilty plea, in violation of his Constitutional rights.

We hold that the Court was correct in denying an evidentiary hearing. The District Judge was not required to accept the statements made by Petitioner when they were obviously contrary to the written record before the Court; where the allegations are patently frivolous or false, a hearing is not required. Com. of Pennsylvania ex rel. Herman v. Claudy, 350 U.S. 116, 118–119, 76 S.Ct. 223, 100 L.Ed. 126. The Supreme Court of Kansas, in the case of Raymond Lee Webb, Appellant, v. State of Kansas, Appellee, 195 Kan. 728, 408 P.2d 662, sets forth in detail what transpired in the State District Court when the Appellant here entered his plea of guilty, and clearly shows that the defendant was adequately informed by the State District Judge of the charges against him, and he then and there voluntarily entered his plea of guilty, fully knowing and understanding the charges against him, and which were read to him in open Court. In view of this record, the Court was correct in denying Petitioner's claim that he did not knowingly and voluntarily enter a plea of guilty.

There is no showing in the record that counsel provided by the State District Court was either incompetent or inadequate. The record shows that appointed counsel conferred with the Petitioner on several occasions and advised him of his rights. Petitioner complains that counsel did not subpoena witnesses to prove an alleged alibi. He does not name these witnesses or what their testimony would be if called. Furthermore, there was no necessity to call witnesses when the Petitioner voluntarily entered a plea of guilty.

Petitioner contends that he did not know the charge or charges to which he pled guilty. The facts as shown by the Webb case, supra, are that the Petitioner was charged with four counts of forgery in one case and with two counts of burglary and larceny in another. Prior to sentencing of Petitioner, the Deputy County Attorney dismissed all four counts of forgery and dismissed the second count of burglary and the larceny charge. The remaining count for theft and larceny was at the direction of the Court read aloud to the Petitioner, and the State District Court then said:

"Mr. Webb, you have three alternatives; you can plead not guilty, you can plead guilty, or you can stand mute, and not plead anything, in which event the Court will enter a plea of not guilty for you. What do you desire to do?

DEFENDANT WEBB: I am guilty of the charge.

THE COURT: You are guilty of the charge?

DEFENDANT WEBB: Yes, sir.

THE COURT: You are guilty and you are pleading guilty?

DEFENDANT WEBB: Yes, sir.

THE COURT: No promises and no threats?

DEFENDANT WEBB: No, sir.

THE COURT: Okay, defendant pleads guilty. Okay, do you have any reason to suggest why sentence should not be imposed upon you, Raymond?

DEFENDANT WEBB: Well, all I know is just guilty; that is all.

It is perfectly obvious from this record that the defendant knew what he was charged with and knew and understood the charge to which he was pleading guilty. In view of the written record, it is quite clear that there was no necessity for having an evidentiary hearing with respect to whether the plea was made knowingly, voluntarily, and understandingly. His guilty plea was a waiver of the alleged defects. Brown v. Cox, 347 F.2d 936 (10 Cir.); see also Webb case, supra.

Petitioner claims that he was induced to make a confession without the benefit of counsel. Again, the record is clear that the Petitioner called the Deputy Sheriff, Boston Daniels, to come out and pick him up; that the Deputy did not realize that Petitioner had the stolen record player at his girl friend's house when he talked to the Deputy. Petitioner voluntarily called the officer and advised him that he had the stolen record player. By his own statement, the Petitioner admitted his guilt before he was questioned by the officer. There was no coercion and no forced confession.

Affirmed.