STATE of Missouri, Respondent,

v.

Arthur L. BURGIN, Appellant.

No. WD 33152.

Missouri Court of Appeals,
Western District.

April 12, 1983.

As Modified June 28, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied June 28, 1983.

James Fletcher, Public Defender, Anne Hall, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, P.J., and TURNAGE and CLARK, JJ.

TURNAGE, Judge.

Arthur L. Burgin was charged with forcible rape, § 566.030 RSMo 1978,[1] and forcible sodomy, § 566.060. The jury found him guilty on the rape charge only, and assessed punishment at 10 years imprisonment. In light of the fact that Burgin was a persistent sexual offender under § 558.018 RSMo 1980, the court imposed a sentence of 30 years without probation or parole.

Burgin contends that the jury verdict was inconsistent based on the evidence, and that the court was without authority to extend his sentence as a persistent sexual offender because the legislature had failed to provide a procedure for imposing an extended term. Affirmed.

The testimony of the victim, who testified that she had been both forcibly raped and sodomized, was the only direct evidence in the case. Thus, there was ample evidence on which the jury could have found Burgin guilty of both forcible rape and forcible sodomy, and Burgin does not contest the sufficiency of the evidence for his rape conviction.

1. All sectional references, unless otherwise indicated, are to Missouri Revised Statutes, 1978.

■ Burgin first contends that since the evidence from which the jury found him guilty of forcible rape also supported the forcible sodomy charge, the jury verdict was inconsistent. Burgin reasons that this inconsistency requires a reversal of his rape conviction.

This precise argument was raised and rejected in *State v. Doney*, 622 S.W.2d 227, 229[2] (Mo.App.1981). There, the defendant was convicted of rape and one count of deviate sexual intercourse and acquitted of another count of deviate sexual intercourse based upon the uniform testimony of a single witness. The *Doney* court relied on *State v. McCall*, 602 S.W.2d 702, 708[22] (Mo.App.1980), for the proposition that while a jury's conclusions may offend the law's penchant for consistency, inconsistent verdicts among the varied charges of a multi-count indictment are not self-vitiating. Thus, Burgin's conviction on the rape count and his acquittal on the sodomy count does not constitute an inconsistent verdict which requires reversal of the rape conviction.

Burgin's next argument involves a claim that the legislature failed to provide a procedure for the imposition of an extended term for persons found by the court to be persistent sexual offenders. In 1980 the legislature passed § 558.018, which requires that courts sentence a person who has pleaded guilty to or who has been found guilty of forcible rape to an extended term of imprisonment if that person is a persistent sexual offender. Section 558.018 defines persistent sexual offender as one who has been previously convicted of rape, forcible rape, sodomy, forcible sodomy, or an attempt to commit any of these crimes. That section also specifies that the term of imprisonment for one found to be a persistent sexual offender be set at not less than 30 years and be served without probation or parole.

The gist of Burgin's second argument is that the court was wrong in using § 558.018 in his case, because the legislature failed to provide a procedure for imposing the extended term discussed therein. As a basis for comparison, Burgin cites §§ 558.016 and 558.021, the former of which provides for extended terms for those found to be prior offenders, persistent offenders, or dangerous offenders, and the latter of which prescribes the procedure to extend the term to those persons. Burgin concludes that the absence of a comparable statute prescribing any procedure for extending the term of persistent sexual offenders deprives the court of the power to impose an extended term under § 558.018.

■ This argument is not supported by the law. The power to define crimes and prescribe punishment is exclusively vested in the legislature. *State ex rel. Williams v. Marsh*, 626 S.W.2d 223, 235[19] (Mo. banc 1982). Before a defendant's term may be extended, the courts must accord such a defendant due process by guaranteeing the right to be present with counsel, the opportunity to be heard and to be confronted with witnesses against him and the right to cross-examine and to offer evidence in his own behalf. *Specht v. Patterson*, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967).

In *State ex rel. Macklin v. Rombauer*, 104 Mo. 619, 15 S.W. 850, 852 (1891), the court considered a provision of the 1875 constitution which granted the supreme court the power to issue writs of prohibition, but which failed to prescribe a procedure for the exercise of such jurisdiction. The *Rombauer* court stated: "It is a general rule of law which has passed into a maxim that a grant of power or jurisdiction is supposed to tacitly imply a grant of that without which the grant itself would be ineffectual." This rule of construction was also stated in *Ex Parte Sanford*, 236 Mo. 665, 139 S.W. 376, 383 (banc 1911), where the court stated that "[t]here is a familiar rule of statutory construction which fits this case like a glove fits the hand, namely, that, when a power is given by statute, everything necessary to make it effectual or requisite to attain the end is necessarily implied." The same rule was stated in *Shull v. Boyd*, 251 Mo. 452, 158 S.W. 313, 320[7] (Mo.1913):

It has always been the rule that, when a clear main power is granted by the law, everything necessary to make it effectual

to attain its principal end is necessarily implied. A grant of power is to be construed so as to include the authority to do all usual things necessary to accomplish the object so granted.

Combining this rule of construction with the due process doctrine, it follows that when the legislature grants the power to impose an extended term for a person found to be a persistent sexual offender, the power to do all that is necessary to accomplish the sentencing of such a person has also been granted by necessary implication, and that in such cases the courts need only follow a procedure which will insure due process. Thus, the statutory grant of power to find persons to be persistent sexual offenders and to impose an extended term of imprisonment necessarily carries with it the power to adopt a procedure which would insure due process.

In extending Burgin's prison term, the court followed the procedure outlined in § 558.021 even though that section was not specifically referred to in the persistent sexual offender section. That section prescribes a procedure which accords full due process rights, and Burgin in fact concedes that his full due process rights were granted. Thus, the court acted properly in implementing § 558.018 by following the procedures set forth in § 558.021.

Burgin further contends that the court was not authorized to extend his term of imprisonment under § 558.018 in light of § 557.036. Section 557.036.2 provides, in pertinent part, that the court shall instruct the jury as to the range of punishment and declare the punishment as a part of their verdict unless the state pleads and proves that the defendant is a prior offender, a persistent offender, or a dangerous offender as defined in § 558.016. Subsection 4 of § 557.036 states that if the defendant is found to be a prior offender, a persistent offender, or a dangerous offender as

defined in § 558.016, and if he is found guilty of a Class B, C, or D felony, the court shall proceed to sentence as provided in § 558.016.

Burgin contends that since pursuant to subsection 2(2) of § 557.036 the court may enhance the sentences of prior, persistent, or dangerous offenders only,[2] that section bars the court from enhancing a persistent sexual offender's punishment because persistent sexual offenders are excluded from the section. Because of this, Burgin concludes that the court acted without authority in extending his imprisonment beyond the term fixed by the jury in its verdict.

Section 558.018 provides that the court shall sentence a person who has pleaded guilty to, or has been found guilty of, the felony of rape or forcible rape and other sexual crimes to an extended term of imprisonment, and defines the term persistent sexual offender. There is no question that Burgin meets the definition of persistent sexual offender. Section 558.018 parallels § 558.016, except that the former is not mentioned in § 557.036, and that the latter is set forth in discretionary rather than mandatory terms.

Section 557.036 was passed in 1977 and amended in 1981. Section 558.018 was passed in 1980, while § 558.016 was passed in 1977 and amended in 1980 and 1981.

In *State v. Van Horn*, 625 S.W.2d 874 (Mo.1981), the court was faced with a conflict involving § 557.036. There the court stated the applicable rule at 877[1–3]:

The primary rule of statutory construction in a situation such as this is to ascertain and give effect to the legislative intent. In doing so the entire legislative act must be considered and all provisions must be harmonized if reasonably possible. Every word, clause, sentence, and section of an act must be given some meaning unless it is in conflict with the ascertained legislative intent.

---

**2.** Section 557.036 does not explicitly provide that the court may extend the punishment of a person found to be a prior, persistent, or dangerous offender. Rather, subsection 4 of that statute states that if the defendant is found to

fit in one of those three categories of offenders and has been found guilty of a Class B, C, or D felony, the court shall proceed as provided in § 558.016.

Applying that rule of construction, it follows that the legislature intended to extend the term of imprisonment for those who have been found to be persistent sexual offenders. There is nothing in § 557.036 to indicate that a term of imprisonment may not be extended by another statute in the same manner that it may be extended as set forth in subsection 4 of that statute, which refers specifically to § 558.016.

A further line of reasoning is based on the fact that § 558.016 states that the court *may* extend the terms of prior, persistent, or dangerous offenders, while § 558.018 states that the court *shall* impose an extended sentence for persistent sexual offenders. In light of that language, the legislature arguably attached more importance to the imposition of extended sentences for persistent sexual offenders, as reflected by the fact that the legislature made such impositions mandatory under § 558.018, while similar impositions under § 558.016 were left to the discretion of the court.

There is an additional rule of statutory construction which provides that "statutes relating to the same or similar subject matter, even though enacted at different times and found in different chapters, are in pari materia and must be considered together when such statutes shed light on the statute being construed." *State v. Kraus,* 530 S.W.2d 684, 686–87[4] (Mo. banc 1975). This court has no difficulty in reading § 557.036 together with § 558.018 as a legislative mandate that a person found to be a persistent sexual offender have his term of imprisonment extended beyond that fixed by the jury.

Burgin further argues that § 557.-036 and § 558.018 are inconsistent with each other, and that the more particular of the two, which he claims is § 557.036, should prevail over the more general. While that rule is indeed valid in cases of irreconcilable conflict, it is not valid in cases such as this one where the two statutes in question can be read together and harmonized such that force may be given to the provisions of each. *State ex rel. Chicago,*

*Rock Island and Pacific Railroad Company v. Public Service Commission,* 441 S.W.2d 742, 746[2] (Mo.App.1969).

The judgment is affirmed.

All concur.