**STATE of Missouri, Respondent,**

v.

**Richard C. DAVIS, Jr., Appellant.**

**No. WD 34315.**

Missouri Court of Appeals,
Western District.

Nov. 15, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Dec. 28, 1983.

Application to Transfer Denied
Feb. 15, 1984.

James W. Fletcher, Public Defender, Sean D. O'Brien, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P.J., and CLARK and MANFORD, JJ.

SHANGLER, Presiding Judge.

The defendant Davis was convicted of rape [§ 566.030, RSMo 1978] and of sodomy [§ 566.060, RSMo 1978] and was sentenced as a persistent sexual offender under § 558.018. The judgment imposed was a term of seventy years imprisonment on each count to be served concurrently and without probation or parole.

The appeal does not question the sufficiency of the evidence,[1] but only the proce-

---

**1.** The defendant tendered a *pro se* brief to allege three assertions of error, in addition *to the* single point counsel on appeal briefed and argued. Among them are contentions (1) that the evidence was not sufficient to submit rape and sodomy (2) that the evidence was not sufficient for conviction under principles of proof required in circumstantial evidence cases (3) that the information does not sufficiently allege rape and sodomy and is therefore fatally defective.

Our Special Rule XVI expressly directs that the Clerk of the Court "shall not accept for filing any *pro se* briefs, pleadings, or other papers" where a party is appointed by counsel. The motion of the defendant for leave to file a *pro se* brief supplemental to the brief already furnished by counsel was nevertheless allowed, apparently because counsel acquiesced in the request. That order, we determine after full consideration, was improvidently granted, is contrary to rule, and will not operate to favor this defendant with a special dispensation.

On oral argument counsel sought, but was denied, leave to argue the three additional points of the supplemental *pro se* brief. Counsel made request, not from any sense that any of the points had a merit he failed to discern during the formulation of his own brief, but from a concern that our decision in *State v. Zeitvogel,* 649 S.W.2d 945 (Mo.App.1983) imposed that duty. *Zeitvogel* neither contradicts nor compromises the interdiction of our Special Rule XVI that a brief by a party represented by counsel will not be filed. Rather it reaffirms clearly and unequivocally the peremptory direction that Rule gives the Clerk of the Court.

In that case, the defendant was assigned a designated Public Defender to represent him on the appeal. That lawyer became counsel of record. While the appeal pended, another Public Defender lawyer from the same office was designated to proceed with the preparation of the brief—unknown to the defendant Zeitvogel. That successive lawyer was not only not known to the defendant, but never consulted with him, entered as counsel of record, yet nevertheless filed a brief on his behalf—also without his knowledge. The cause was submitted by counsel on the briefs for opinion. This state of affairs became known to Zeitvogel *who asked us to order the circuit court reporter* to produce a supplemental transcript to facilitate a preparation of a *pro se* brief. In response, at our direction, our Clerk informed Zeitvogel that our Special Rule XVI forbade acceptance of a *pro se* brief from one represented by counsel. A copy of the *pro se* motion was sent by the Clerk—as our Rule directs—to the attorney of record: the original lawyer who had since been displaced by another lawyer in that same office to represent the defendant, but who was still counsel of record and the only legal representative on appeal known to the court or to the defendant himself.

It was in this manner that original counsel became aware of the state of affairs, and *on the motion of counsel,* we deferred decision on the cause already submitted on briefs, we ordered a supplemental transcript, and allowed a supplemental brief—done on consultation with the defendant. This was done, but the defendant remained discontent, and moved then for the contempt sanction because counsel refused to

dures employed by the court to come to judgment.

The information formally charged rape, sodomy, and that the defendant was a *persistent sexual offender* in that he had been previously convicted of rape, and so punishable by an extended term under the provisions of § 558.018. The evidence on that issue was presented to the court, and the proof conformed to the allegation of information: that the defendant was convicted of the felony of rape on a plea of guilty in the Circuit Court of Jackson County, Missouri [in case Number C44902], on January 31, 1974. The presentation of the prosecution was subject to the cross-examination of defense counsel, and at the conclusion of the evidence, the court entered a recitation of the facts found—the fact of the prior conviction for rape included—and the judgment that defendant was a persistent sexual offender and so subject to the provisions of § 558.018. The case proceeded to trial and the jury found the defendant guilty of the separate counts of rape and sodomy. The court received the verdicts and, in due course, sentenced the defendant to concurrent terms of seventy years on each count—

without probation or parole—as a persistent sexual offender under § 558.018.3.

■ The defendant argues that the enhanced sentences were unlawful because an extended term may be imposed only under a procedure defined by statute, and none was enacted for a defendant accused as a *persistent sexual offender*. That argument notices that § 558.016,[2] which defines the status of *persistent offender* and *dangerous offender* and extends the term in punishment, presupposes an adjudication conformable to the extended term procedures of § 558.021. The defendant contends that since § 558.021, by express terms, refers only to *persistent* and *dangerous offenders,* § 558.018 which only defines a *persistent sexual offender* and prescribes the enhanced sentence merely adjudicates status—but absent a procedure composed by statute cannot result in a valid sentence greater than that already prescribed for the offense [—in this case, § 556.030 [rape] and § 556.060 [sodomy]].

This syllogism means to express the rationale that since the enhanced punishment provisions of the criminal law [inducted into Missouri jurisprudence by the Criminal

---

assert points he deemed as without merit. We accepted this *pro se pleading* [not brief, as the defendant here tendered] *as outside Special Rule XVI* because the contentions amounted to an accusation that the conduct of counsel deprived Zeitvogel of competent appellate advocacy.

The defendant on this appeal does not assert that his tendered *pro se* brief amounts to a motion of want of competent appellate advocacy. Nor may *Zeitvogel* be understood to mean that a *pro se* pleading on appeal that counsel gave inadequate representation will be accepted as a matter of course. The proper and usual method for such a complaint is well established: a motion to recall mandate. *Hemphill v. State,* 566 S.W.2d 200 (Mo. banc 1978); or, where the appellate court does not possess unique knowledge necessary for the determination of the claim or where evidence must be heard—then by a Rule 27.26 proceeding. *Morris v. State,* 603 S.W.2d 938 (Mo. banc 1980). We courted the *pro se* motion in *Zeitvogel* merely—*in those distinctive circumstances* because the appeal then pendent was the most rational vehicle to pose and to determine the claim of ineffective assistance of counsel on appeal.

**2.** Section 558.016, RSMo 1978 and Supp.1980, provides

1. The court may sentence a person who has pleaded guilty to or has been found guilty of a class B, C, or D felony . . . to an extended term of imprisonment if it finds the defendant is a persistent offender or a dangerous offender.

The statute then defines the persistent offender and dangerous offender status, and then prescribes the range of the enhanced punishment, according to the classification of the felony charged on the trial.

The amended § 558.016, it should be noted, contains also a prior offender status which the original enactment did not encompass. The prior offender status, however, merely transfers the sentence function from the jury to the judge who then imposes sentence, but within the range prescribed by statute for that offense. In real terms, therefore, the prior offender status [reminiscent of the repealed § 556.280 second offender procedure] does not enhance the sentence and so is not relevant to the argument by analogy the defendant asserts between the persistent and dangerous offender adjudication on the one hand, and the persistent sexual offender on the other.

Code in year 1979 [Laws 1977, Senate Bill 60]] rest for constitutional validity on procedures due process: formal accusation of the persistent or dangerous offender status, proof of the status by separate and sufficient evidence judicial *determinations of fact* [sustainable beyond a reasonable doubt] that the accused is a persistent or dangerous offender and opportunity for the defendant to confront, to cross-examine and to present evidence. And, indeed, we declared in *State v. Thompson,* 629 S.W.2d 361 (Mo.App.1981), approved 629 S.W.2d 369 (Mo. banc 1982), l.c. 365[5, 6]:

> The extended term section 558.016 of the recently adopted criminal code invests a trial court with the altogether new power to enhance a sentence of imprisonment beyond that determined by the jury or prescribed by statute as punishment for the offense ... The imposition of an extended term by either means ... rests on the proof of a charge beyond the offense for which the jury returned conviction. The due process of law concomitant by which a valid criminal conviction obtains, therefore, also attends the determination of the new matter upon which a valid extension of term rests.

We cited the authority of *State v. Berry,* 609 S.W.2d 948 (Mo. banc 1980) that the procedures of § 558.021[3] were enacted to conform with the mandate of *Specht v. Patterson,* 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967), that where the extended term punishment rests on evidence of guilt for an offense other than the felony charged and involves new determinations of

fact, [l.c. 956] "due process requires those safeguards essential in a criminal prosecution."

It is the sense of the argument the defendant asserts—not that any enhancement of sentence imposed without the due process *procedures* mandated by *Specht v. Patterson,* 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967), is not valid—but that *any statute* which composes a status of offender for enhanced punishment but *which does not also enact a procedure* comparable to § 558.021 to adjudicate that status as precondition to the imposition of the extended sentence can have no validity for that purpose—even though [we assume] the court nevertheless conformed to every constitutional due process concern. Thus [so the trend of argument goes], an extended sentence for a persistent or dangerous offender under § 558.016 has validity because the enhanced punishment cannot be imposed unless the procedures of § 558.021 are met, and an extended sentence for persistent sexual offender under § 558.018 has no validity [albeit the due process concerns are met in practice] because no statute enacts a procedure for that adjudication.

█ It is so that the procedures of § 558.021—enacted to ensure the due process predicate for an enhanced punishment *Specht v. Patterson,* 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967), requires—refers to extended term punishments for persistent and dangerous offenders [and not to persistent sexual offenders] only. It is so also that § 558.018, the persistent sexual offender component of the Criminal Code,

---

**3.** The procedures § 558.021 enacts as precondition to the imposition of an extended term under a § 558.016 persistent or dangerous offender adjudication include:

. . . . .

1. (1) The indictment or information, original or amended, or the information in lieu of an indictment pleads all essential facts warranting a finding that the defendant is a prior offender, persistent offender, or dangerous offender; and
   (2) Evidence is introduced that establishes sufficient facts pleaded to warrant a finding beyond a reasonable doubt that the defendant is a prior offender, persistent offender, or dangerous offender; and

(3) The court makes findings of fact that warrant a finding beyond a reasonable doubt by the court that the defendant is a prior offender, persistent offender, or dangerous offender.

. . . . .

4. The defendant shall be accorded full rights of confrontation and cross-examination, with the opportunity to present evidence, at such hearings....
7. At the sentencing hearing both the state and the defendant shall be permitted to present additional information bearing on the issue of sentence.

defines no procedure for the adjudication of that status as precondition to the imposition of the enhanced punishment.[4] It is so also that § 558.021 was reenacted as amended (1981) *after* the persistent sexual offender § 558.018 (1980) was added to the Criminal Code and that the reenacted procedures refer by the statutory test, only to the persistent or dangerous offender status under § 558.016. That cannot mean as the defendant would have it, however, that a determination of persistent sexual offender under § 558.018 adjudicated conformably with every due process exigency defined by the United States Supreme Court authority in *Specht v. Patterson,* 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967), lacks validity simply because no statute delineates a mechanism for a persistent sexual offender adjudication. The requirements of procedural due process govern the validity of an enhanced punishment adjudication—and transcend any statutory adjudicative mechanism for that purpose. That is the very quiddity of the *Specht v. Patterson* rationale:

[l.c. 608[3, 4]]:
The Sex Offenders Act does not make the commission of a specified crime the basis for sentencing. It makes one conviction the basis for commencing another proceeding under another Act to determine whether a person constitutes a threat of bodily harm to the public, or is an habitual offender and mentally ill. That is a new finding of· fact [citation] that was not an ingredient of the offense charged.

   .      .      .      .

[l.c. 610[5]]:
Under Colorado's criminal procedure, here challenged, the invocation of the Sex Offenders Act means the making of a new charge leading to criminal punishment ... Due process ... requires that he be present with counsel, have an opportunity to be heard, be confronted with witnesses against him, have the right to cross-examine, and to offer evidence of his own. And there must be findings adequate to make meaningful any appeal that is allowed.

Section 558.021, which appertains to the persistent and dangerous offender adjudication, does no more than codify the constitutional due process exigency which informs a valid enhancement of punishment procedure. *State v. Berry,* 609 S.W.2d 948 (Mo. banc 1980); *State v. Thompson,* 629 S.W.2d 361, 365[5, 6] (Mo.App.1981), *approved* 629 S.W.2d 369 (Mo. banc 1982). Thus, the efficacy of § 558.021 [or any other statute] as a procedure to adjudicate a valid enhancement punishment does not rest in its attributes as a formal enactment but in the due process standard it promulgates—a standard required by constitutional principle and independent of any embodiment in a statute. *State v. Burgin,* 654 S.W.2d 627, 629–630[2–6] (Mo.App.1983); *United States v. Mancusi,* 446 F.2d 943, 947[1, 2] (2d Cir. 1971); *Byers v. Crouse,* 339 F.2d 550, 552[1, 2] (10th Cir.1964).

We do not doubt that had the defendant here been adjudicated a persistent sexual offender and sentenced to extended terms without the full ceremony of procedure due process demands, judgments would have failed. The court, counsel, and parties, however, observed every festoon of due process as well as § 558.021 prescribe for such an adjudication: the persistent sexual offender status was charged in the information [§ 558.021.1(1) ], the evidence was sufficient to find the fact beyond a reasonable doubt [§ 558.021.1(2) ], the court entered a

---

4. § 558.018. Persistent sexual offender, defined, extension of term, when, minimum term
1. The court shall sentence a person who has pleaded guilty to or has been found guilty of the felony of rape, forcible rape, sodomy, forcible sodomy or an attempt to commit any of the aforesaid to an extended term of imprisonment if it finds the defendant is a "persistent sexual offender".

2. A "persistent sexual offender" is one who has been previously convicted of the felony of rape, forcible rape, sodomy, forcible sodomy or an attempt to commit any of the aforesaid.
3. The term of imprisonment for one found to be a "persistent sexual offender" shall be not less than thirty years, which term shall be served without probation or parole.

finding of fact beyond a reasonable doubt that the defendant was previously convicted of rape [§ 558.021.1(3)], the defendant was represented by counsel and accorded full right of confrontation and cross-examination with opportunity to present evidence [§ 558.021.4]. These procedures coincide precisely with the due process prescription of *Specht v. Patterson* and so sustain the enhanced punishment adjudication.

The defendant contends also that an extended term punishment may not be imposed for the *persistent sexual offender* status simply because to allow the court to determine the sentence violates the role the statute assigns to the jury for that purpose. The defendant refers to § 557.036, RSMo Supp.1983. That section, among other provisions, limits the sentence the court may impose to a term no greater than the jury verdict, unless: (1) the term declared by the jury is less than that lowest authorized term for the offense—in which event, the court may impose the minimum punishment defined for the offense [§ 557.036.3]; or, the defendant is found to be a *persistent* or *dangerous offender* as provided in § 558.-016, RSMo Supp.1983 § 557.036.4]. The defendant argues that the *persistent sexual offender* status is not among those occasions § 557.036 assigns to the court for imposition of punishment. The *persistent sexual offender* statute, § 558.018, however, confers that authority expressly:

1. *The court shall sentence a person who* has pleaded guilty to or *has been found guilty* of the felony of rape, forcible rape, sodomy, forcible sodomy or an attempt to commit any of the aforesaid to an extended term of imprisonment if it finds the defendant is a "persistent sexual offender". [emphasis added]

This provision is in pari materia with § 557.036.3: they both legislate on the same subject matter. They are to be construed in harmony to effect the legislative purpose. *State ex rel. Carlton v. Haynes,* 552 S.W.2d 710, 715[5] (Mo. banc 1977); *State v. Crouch,* 316 S.W.2d 553, 554[1–3] (Mo. banc 1958). The provisions of § 558.-018 and § 557.036 express a unitary legislative policy: to confer the power to sentence on the court, rather than on the jury, when an enhancement of punishment is prescribed for the offense. The sentence was a valid exercise of judicial authority.

The judgment is affirmed.

All concur.