STATE of Missouri, Respondent,

v.

Ronnell WILLIAMS, Appellant.

No. 66747.

Supreme Court of Missouri,
En Banc.

Nov. 21, 1985.

74.04, if persuaded that there are no genuine issues of fact.

Sean D. O'Brien, Public Defender, and David S. Durbin, Asst. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., and Paul R. Otto, Asst. Atty. Gen., Jefferson City, for respondent.

RENDLEN, Judge.

Convicted of forcible rape (§ 566.030, RSMo Supp. 1984[1]) and attempted forcible sodomy, (§ 564.011, and § 566.060, RSMo Supp.1984), defendant was sentenced both as a persistent sexual offender (§ 558.018, RSMo Supp.1984) and as a prior and persistent offender (§§ 558.016 and 557.036.4, RSMo Supp.1984) to concurrent fifty year terms of imprisonment without parole, on each count.

In this appeal no challenge is made to the sufficiency of the evidence nor the sentencing procedure employed by the court. Instead appellant attacks the persistent sexu-

al offender statute, § 558.018, as facially invalid, contending the statute's want of procedural safeguards renders it violative of the Missouri Constitution's due process provision Mo. Const. art. 1, § 10, and the XIV amendment to the U.S. Const. He also attacks the statute as an ex post facto enactment, rendering it invalid under Mo. Const. art. 1, § 13 and the U.S. Const. art. 1, § 10 and concludes that his sentencing thereunder is void.

By the amended information appellant was charged with forcible rape as well as attempted forcible sodomy and also as a *persistent sexual offender* because of a 1970 rape conviction and as a *prior* and *persistent offender* stemming from a 1967 conviction of assault with intent to rob.

The current crimes occurred on the evening of January 25, 1984 in Kansas City. Two men, one of whom was appellant, grabbed the victim and forced her into a muddy alley where she was forcibly raped and sodomized. Both men fled when a police officer appeared at the scene and shortly thereafter appellant was apprehended in a neighborhood apartment building, with mud on the knees and side of his pants. A pocket knife belonging to the victim and taken from her during the attack, was in appellant's possession immediately prior to his arrest.

As previously noted, no charge of error is made to the convictions but instead appellant's contentions are directed to the enhanced sentences imposed by the court.

Evidence of the earlier felony convictions serving as a basis for charges under the extended sentencing provisions of § 558.-016 and § 558.018 was presented during a hearing conducted by the trial court outside the jury's presence. Appellant, with his attorneys, was confronted with the evidence showing those earlier offenses, afforded the opportunity to challenge that evidence and to present evidence in his own behalf. The court made comprehensive findings and entered its orders thereon.

---

1. All statutory references, unless otherwise indicated, are to Missouri Revised Statutes, 1978.

The appellant argues that the absence in § 558.018[2] of detailed procedural guidelines for the conduct of such hearing renders that section of the statute invalid, requiring reversal of the sentence and remand of the cause. The Supreme Court in *Specht v. Patterson*, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967), cited by appellant, held that imposition of an extended term under a Colorado sex offenders statute constituted a new charge necessitating new findings of fact. The Colorado statute permitted application of the extended term provision simply on the entry of a psychiatric examination and a written report with the conclusions and recommendations of the examiner. This exclusive statutory procedure permitted the Colorado trial court to impose an extended term without a hearing, appearance of counsel, confrontation and cross-examination of witnesses, right to offer evidence or findings adequate for an appeal. The Court found the statute and the Colorado court's practice failed to comport with the minimum requirements of the due process clause of the fourteenth amendment to the U.S. Constitution.

On the other hand, § 558.018 does not permit our courts to impose extended sentences for persistent sexual offenders based simply on a psychiatric examination and written report from which the court could conclude (as under the Colorado statute) "that ... [a] person [convicted of specified sex offenses], if at large, constitutes a threat of bodily harm to members of the public, or is an habitual offender and mentally ill." *Id.* at 607, 87 S.Ct. at 1210–11.

The procedure prescribed by the Colorado statute which fell short of minimum standards for due process, stands in contrast to Missouri law which neither permits nor by implication condones such practice.

Hence, *Specht* is clearly distinguishable and cannot be said to control here.

Appellant, nevertheless, argues that § 558.018 is unconstitutional because it fails to specify the precise procedural rules for the trial court's guidance. However, no authority is cited for the proposition that, as a matter of constitutional law, a statute must detail a procedural scheme for sentencing procedures. That argument loses force when the act can be and has been judicially construed as necessarily requiring that a defendant be granted due process, *see Byers v. Crouse*, 339 F.2d 550 (10th Cir.1964), and Missouri's persistent sexual offender act has properly been so construed. *State v. Burgin*, 654 S.W.2d 627 (Mo.App.1983). There, the Western District correctly noted this Court's rule of construction that when a power is granted by the law, a grant of power to do those things necessary to make it effective is necessarily implied.

Combining this rule of construction with the due process doctrine, it follows that when the legislature grants the power to impose an extended term for a person found to be a persistent sexual offender, the power to do all that is necessary to accomplish the sentencing of such a person has also been granted by necessary implication, and that in such cases the courts need only follow a procedure which will ensure due process.

*Id.* at 630; *See also Shull v. Boyd*, 251 Mo. 452, 158 S.W. 313 (Mo.1913).

Stated otherwise, the granting of due process in cases such as this sub judice need not rest on formal enactment of a detailed procedural scheme within a statute

---

2. **558.018. Persistent sexual offender, defined, extension of term, when, minimum term.**

1. The court shall sentence a person who has pleaded guilty to or has been found guilty of the felony of rape, forcible rape, sodomy, forcible sodomy or an attempt to commit any of the aforesaid to an extended term of imprisonment if it finds the defendant is a "persistent sexual offender".

2. A "persistent sexual offender" is one who has been previously convicted of the felony of rape, forcible rape, sodomy, forcible sodomy or an attempt to commit any of the aforesaid.

3. The term of imprisonment for one found to be a "persistent sexual offender" shall be not less than thirty years, which term shall be served without probation or parole.

such as § 558.021, RSMo Supp.1984[3], but on constitutional principle. *State v. Davis,* 663 S.W.2d 301 (Mo.App.1983).

Appellant next urges this Court to require the presence of legislatively enacted guidelines, on the basis of the holding in *United States v. Harper,* 729 F.2d 1216 (9th Cir.1984). There, the United States Court of Appeals for the Ninth Circuit was faced with an espionage statute providing for a penalty of imprisonment or death, with absolutely no directions in the act as to whom the death penalty would apply. The court refused to leave such unfettered discretion in the hand of the fact finder, deciding that the espionage statute's death penalty provision was rendered unconstitutional by *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). After *Furman,* a similar problem was found to exist in regard to the death penalty provision of the murder statutes in many jurisdictions whose statutes did not properly provide an answer to the question: To which defendants and for which types of murder the death penalty could be invoked?

Unlike *Harper,* there is no doubt here as to whom and for what the sexual offender statute applies. The statute explicitly requires the existence of a predicate offense, i.e. "the felony of rape, forcible rape, sodomy, forcible sodomy or the attempt to commit any of the aforesaid" which necessarily requires proof of such prior conviction before the court may find that "the defendant is a 'persistent sexual offender,'" § 558.018.1. (Emphasis added.)

Appellant further contends, as a matter of statutory construction, that the court was not authorized to extend his term of imprisonment under § 558.018 because reference to that provision is not included in § 557.036.[4] Section 557.036 is the general

**3. 558.021. Extended term procedures**

1. The court shall find the defendant to be a prior offender, persistent offender, or dangerous offender, if

(1) The indictment or information, original or amended, or the information in lieu of an indictment pleads all essential facts warranting a finding that the defendant is a prior offender, persistent offender, or dangerous offender; and

(2) Evidence is introduced that establishes sufficient facts pleaded to warrant a finding beyond a reasonable doubt that the defendant is a prior offender, persistent offender, or dangerous offender; and

(3) The court makes findings of fact that warrant a finding beyond a reasonable doubt by the court that the defendant is a prior offender, persistent offender, or dangerous offender.

2. In a jury trial, the facts shall be pleaded, established and found prior to submission to the jury outside of their hearing, except the facts required by subdivision (1) of subsection 4 of section 558.016 may be established and found at a later time, but prior to sentencing, and may be established by judicial notice of prior testimony before the jury.

3. In a trial without a jury or upon a plea of guilty, the court may defer the proof and findings of such facts to a later time, but prior to sentencing. The facts required by subdivision (1) of subsection 4 of section 558.016 may be established by judicial notice of prior testimony or the plea of guilty.

4. The defendant shall be accorded full rights of confrontation and cross-examination, with the opportunity to present evidence, at such hearings.

5. The defendant may waive proof of the facts alleged.

6. Nothing in this section shall prevent the use of presentence investigations or commitments under sections 557.026 and 557.031, RSMo.

7. At the sentencing bearing both the state and the defendant shall be permitted to present additional information hearing on the issue of sentence.

**4. 557.036. Role of court and jury in sentencing—jury informed of penalties.**

1. Subject to the limitation provided in subsection 3 upon a finding of guilt upon verdict or plea, the court shall decide the extent or duration of sentence or other disposition to be imposed under all the circumstances, having regard to the nature and circumstances of the offense and the history and character of the defendant and render judgment accordingly.

2. The court shall instruct the jury as to the range of punishment authorized by statute and upon a finding of guilt to assess and declare the punishment as a part of their verdict, unless

(1) The defendant requests in writing, prior to voir dire, that the court assess the punishment in case of a finding of guilt, or

(2) The state pleads and proves the defendant is a prior offender, persistent offender, or dangerous offender, as defined in section 558.016, RSMo.

If the jury finds the defendant guilty but cannot agree on the punishment to be assessed, the court shall proceed as provided in subsection 1 of this section. If there be a trial by jury and

statute apportioning the court's and jury's role in sentencing. Subsections 2 and 4 allow the judge to take sentencing out of the hands of the jury when the defendant is a prior offender, a persistent offender, or a dangerous offender as defined in § 558.-016[5]. Because the persistent sexual offender statute is not included in that language, appellant argues that the court could not enhance his punishment. We do not agree.

The statutes (§§ 557.036 and 558.018), are not inconsistent and relate to a similar subject, hence they stand in parti materia and should be considered together, *State v. Kraus*, 530 S.W.2d 684 (Mo. banc 1975). Read together, the statutes are capable of harmony, with force given to the provisions of each. *State ex rel. Chicago Rock Island and Pacific Railroad Co. v. Public Service Comm'n*, 441 S.W.2d 742 (Mo.App. 1969).

The Missouri Court of Appeals—Western District ably addressed this issue when it stated: "There is nothing in § 557.036 to

indicate that a term of imprisonment may not be extended by another statute in the same manner that it may be extended as set forth in subsection 4 of that statute which refers specifically to § 558.016." *Burgin*, 654 S.W.2d at 631.

█ It is also critical to this analysis that our legislature expressed its intent that courts "shall" impose an extended sentence for persistent sexual offenders, in a single, self-contained statute (§ 558.018), "while similar impositions under § 558.016 were left to the discretion of the court." *Id.* at 631. Accordingly, the reference in § 557.-036 to § 558.016 but not § 558.018 does not preclude a trial judge from following the clear legislative mandate of the latter statute to extend sentences of persistent sexual offenders.

█ Finally, appellant challenges the validity of the extended term sentencing provisions of the above cited statutes and, in particular, the persistent sexual offender statute, as invalid ex post facto laws. The

---

5. **558.016. Extended terms for dangerous offenders**

the jury is to assess punishment and if after due deliberation by the jury the court finds the jury cannot agree on punishment, then the court may instruct the jury that if it cannot agree on punishment that it may return its verdict without assessing punishment and the court will assess punishment.

3. If the jury returns a verdict of guilty and declares a term of imprisonment as provided in subsection 2 of this section, the court shall proceed as provided in subsection 1 of this section except that any term of imprisonment imposed cannot exceed the term declared by the jury unless the term declared by the jury is less than the authorized lowest term for the offense, in which event the court cannot impose a term of imprisonment greater than the lowest term provided for the offense.

4. If the defendant is found to be a prior offender, persistent offender, or dangerous offender as defined in section 558.016, RSMo:

(1) If he has been found guilty of a class B, C, or D felony, the court shall proceed as provided in section 558.016, RSMo, or

(2) If he has been found guilty of a class A felony, the court may impose any sentence authorized for a class A felony.

5. Tne court shall not seek an advisory verdict from the jury in cases of prior offenders, persistent offenders, or dangerous offenders; if an advisory verdict is rendered, the court shall not deem it advisory, but shall consider it as mere surplusage.

1. The court may sentence a person who has pleaded guilty to or has been found guilty of a class B, C, or D felony to an extended term of imprisonment if it finds the defendant is a persistent offender or a dangerous offender.

2. "persistent offender" is one who has been previously convicted of two felonies committed at different times and not related to the instant crime as a single criminal episode.

3. A "dangerous offender" is one who:

(1) Is being sentenced for a felony during the commission of which he knowingly murdered or endangered or threatened the life of another person or knowingly inflicted or attempted or threatened to inflict serious physical injury on another person; and

(2) Has been previously convicted of a class A or B felony or of a dangerous felony.

4. The total authorized maximum terms of imprisonment for a persistent offender or a dangerous offender:

(1) For a class B felony, a term of years not to exceed thirty years;

(2) For a class C felony, a term of years not to exceed fifteen years;

(3) For a class D felony, a term of years not to exceed ten years.

point is not well taken. The challenged statutes do not punish the defendant for his prior convictions which may have occurred prior to enactment of the statute but rather "as a repeat offender for his latest offense [occurring after enactment of the statute] on the basis of a demonstrated propensity for misconduct." *State v. Acton*, 665 S.W.2d 618, 619 (Mo. banc 1984).

Judgment affirmed.

HIGGINS, C.J., BILLINGS, BLACKMAR, DONNELLY and WELLIVER, JJ., and SNYDER, Special Judge, concur.

ROBERTSON, J., not sitting.