STATE of Missouri, Respondent,

v.

John B. KATURA, Appellant.

John B. KATURA, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 16972, 17571.

Missouri Court of Appeals,
Southern District,
Division Two.

July 30, 1992.

John Klosterman, St. Louis, for appellant.

William L. Webster, Atty. Gen., Joan F. Edwards, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Chief Judge.

A jury found defendant John Katura guilty of rape, § 566.030,[1] and he was sentenced as a prior offender, a persistent sexual offender, and a class X offender to 30 years' imprisonment. Defendant appeals, and that appeal is Case No. 16972. After the jury trial, defendant filed a motion under Rule 29.15 seeking post-conviction relief. The motion was denied without evidentiary hearing. Defendant's appeal from that denial is Case No. 17571. The appeals have been consolidated and will be dealt with separately in this opinion.

### Case No. 16972

Defendant does not challenge the sufficiency of the evidence to support the conviction. Initially defendant challenged the correctness of the trial court's finding that he is a persistent sexual offender, but that challenge was abandoned on oral argument. The state's evidence showed that on or about February 19, 1989, defendant had sexual intercourse with a 13–year–old girl to whom he was not married.

Defendant's first point is that the trial court erred in overruling his objection to certain comments made by the prosecutor during closing argument. Defendant contends that the prosecutor's remarks constituted a direct reference to defendant's constitutional right not to testify. The challenged remarks will be considered in light of portions of the state's evidence.

The victim, a state's witness, testified that "around February 18 to February 22, 1989," she ran away with defendant, who was 24, and that they had sexual intercourse at defendant's trailer in Jasper County.

Deputy Sheriff Jerry Neil, a state's witness, testified that after he had given defendant the Miranda warnings, he obtained from him a signed written statement, Ex-

hibit 6, which was admitted into evidence. On this appeal, defendant does not challenge the admissibility of Exhibit 6. In it, defendant stated that the victim ran away with him on February 19, 1989, and stayed with him for three nights. He said, "[The victim] had asked me to make love to her and I did not want to, but we did make love one night, Monday night, and because of her period we had sex no longer."

During the course of the closing argument of prosecutor Daniel Scott, the following occurred:

MR. SCOTT: ... This is closing argument, at this time I get to argue to you, although, frankly, I'm not going to argue that much, because if you don't believe her testimony, if you don't believe the defendant's own statement, then I doubt that there is anything I can tell you that would persuade you.... The only issue in this case is whether sexual intercourse—whether he penetrated her sex organ by his sex organ. I would suggest to you that there is simply no dispute, she told you that that happened and he said it happened. You have her words and you have his, and they were the only people there.

At that point, out of the hearing of the jury, defense counsel objected and moved for a mistrial. He said:

[T]he prosecutor has commented on the defendant's failure to testify. He said that they were the only people there, he said we have got her words and his words, he said that there is no dispute, which all leads around to bring up in the jury's mind a question of why didn't the defendant testify. It's a comment on that, Judge, it's improper, it's violation of the defendant's right to remain silent under the Fifth Amendment to the U.S. Constitution and under the Missouri Constitution.

The court overruled the objection and denied the request for mistrial.

1. All references to statutes are to RSMo 1986, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

Section 546.270 reads, in pertinent part: "If the accused shall not avail himself ... of his ... right to testify, ... on the trial of the case, it shall not ... be referred to by any attorney in the case." Rule 27.05 contains the same proscription.

In *State v. Robinson*, 641 S.W.2d 423 (Mo. banc 1982), the court said, at 426:

The trial court has wide discretion in controlling the scope of closing argument. It is in a better position to observe the contested incidents and to determine their prejudicial effect upon a jury. Because of the trial court's superior vantage point, this Court has held that it will disturb the trial court's decision, when the prosecutor allegedly has alluded to a defendant's failure to testify, only where the references are *direct* and *certain*. Merely stating that evidence is "uncontradicted" or that a defendant has failed to offer evidence is not a direct and certain reference. (Citing authorities) (emphasis in original).

The jury heard the testimony of the victim, and Deputy Neil read Exhibit 6 to the jury. Both the testimony and the exhibit supported the finding that defendant had intercourse with the victim.

As the excellent brief of the state points out, an analogous situation arose in *State v. Shields*, 391 S.W.2d 909 (Mo.1965). Although the offense in *Shields* was robbery and not rape, the circumstances were similar to those here. The victim of the robbery testified to its occurrence and identified the defendant as one of the perpetrators. Police Officer Grau obtained a statement from defendant in which defendant admitted complicity in the robbery. In closing argument, the prosecutor said:

There is one other witness, one strictly important witness, who has told you about this robbery and explained to you how it was committed, and again, you can say, "I will test this witness by the standard which you are to apply through the Court's Instruction No. 3," and those words are important right here—he says, through Officer Grau: "I held up James Laudel. I used that gun. I took that watch."

Instruction 3, referred to by the prosecutor, was the standard instruction with respect to credibility of witnesses.

Rejecting the defendant's contention that the prosecutor's argument was an impermissible reference to defendant's failure to testify, the court said that there was neither a direct reference to defendant's failure to testify nor such an indirect reference that it was reasonably apt to have directed the jury's attention to the fact he did not testify. At 913 the court said:

The argument pointed to what defendant *did* say, not to what he *did not* say or had failed to say and not to the fact he did not testify. The argument was a reference to his admissions as a part of the strength of the state's evidence against him; not to the weakness of his defense. The state's attorney did not say the words of defendant's confession stood uncontradicted by him, or that defendant had failed to take the stand to deny his confession or the charges against him.... As against the contention that this was a direct reference to the defendant's failure to testify, we hold these remarks of the state's attorney were merely a fair argument of the testimony, a fair argument of a significant part of the testimony of Detective Grau. (Emphasis in original.)

The prosecutor has the right to argue evidence and reasonable inferences from the evidence. *Clemmons v. State*, 785 S.W.2d 524, 530 (Mo. banc 1990). The prosecutor may state a conclusion if that conclusion is fairly drawn from the evidence. *Id.* The trial court's ruling in allowing argument of counsel is reversible only for an abuse of discretion where the argument is plainly unwarranted. *State v. McDonald*, 661 S.W.2d 497, 506 (Mo. banc 1983).

Viewed in context, the prosecutor's remarks were proper references to the testimony of the victim and the contents of Exhibit 6, and rulings of the trial court on the objection and the motion for mistrial were not erroneous. Defendant's first point has no merit.

Defendant's second point is that the 30–year sentence imposed by the trial court constituted the infliction of cruel and unusual punishment in violation of his rights under the Eighth and Fourteenth Amendments to the U.S. Constitution and art. I, § 21 of the Missouri Constitution, "in that the mandatory penalty was so grossly disproportionate to the offense charged as to constitute cruel and unusual punishment." The 30–year sentence was the minimum under § 558.018 for a persistent sexual offender.

Defendant's brief says: "[H]ere, the harm caused to the victim was slight, at least that harm caused by defendant, the harm caused to society non-existent, and defendant's culpability extremely limited.... To punish defendant so severely for such a minor offense shocks the conscience of any civilized person."

The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The Eighth Amendment applies against the States by virtue of the Fourteenth Amendment. *Robinson v. California*, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962). See also *Harmelin v. Michigan*, — U.S. —, —, 111 S.Ct. 2680, 2684, 115 L.Ed.2d 836 (1991).

In *Harmelin* the court dealt with a mandatory term of life in prison without possibility of parole, challenged on Eighth Amendment grounds. The conviction was for possessing more than 650 grams of cocaine. Affirming the conviction and sentence, the court said, — U.S. at —, 111 S.Ct. at 2701: "Severe, mandatory penalties may be cruel, but they are not unusual in the constitutional sense, having been employed in various forms throughout our Nation's history.... There can be no serious contention, then, that a sentence which is not otherwise cruel and unusual becomes so simply because it is 'mandatory.'"

The court refused to extend the "individualized capital-sentencing doctrine" to an "individualized mandatory life in prison without parole sentencing doctrine." The

court said, — U.S. at —, 111 S.Ct. at 2702:

And if petitioner's sentence forecloses some "flexible techniques" for later reducing his sentence, ... it does not foreclose all of them, since there remain the possibilities of retroactive legislative reduction and executive clemency.... We have drawn the line of required individualized sentencing at capital cases, and see no basis for extending it further.

In *State v. Brown*, 636 S.W.2d 929 (Mo. banc 1982), defendant, sentenced as a persistent sexual offender to a term of 65 years' imprisonment, attacked his sentence as being cruel and unusual. Rejecting the attack, the court said, at 936:

Section 558.018.3 provides a minimum sentence of thirty years without probation or parole for persistent sexual offenders yet sets no corresponding maximum. Thus, the imposed sentence does not violate the statutory provision. Whether or not a statutory maximum limit is desirable, the legislative department of this state has not established one. Constitutional provisions against cruel and unusual punishment are aimed primarily at the "kind" of punishment imposed and not its duration.

The court quoted the following language from *Rummel v. Estelle*, 445 U.S. 263, 284, 100 S.Ct. 1133, 1144, 63 L.Ed.2d 382 (1980):

The purpose of recidivist statutes such as that involved here is not to simplify the task of prosecutors, judges, or juries. Its primary goals are to deter repeat offenders and, at some point in the life of one who repeatedly commits criminal offenses serious enough to be punished as felonies, to segregate that person from the rest of society for an extended period of time. This segregation and its duration are based not merely on that person's most recent offense but also on the propensities he has demonstrated over a period of time during which he has been convicted of and sentenced for other crimes. Like the line dividing theft from petty larceny, the point at which a recidivist will be deemed to have demonstrated the necessary propensities and the amount of time that the recidivist will be isolated from society are matters largely

within the discretion of the punishing jurisdiction.

Finally, at 937, the court said: "It is not for this court to specify punishments for the offenses involved."

In *State v. Burgin*, 654 S.W.2d 627 (Mo. App.1983), the court said, at 631:

Section 558.016 states that the court may extend the terms of prior, persistent, or dangerous offenders, while § 558.018 states that the court *shall* impose an extended sentence for persistent sexual offenders. In light of that language, the legislature arguably attached more importance to the imposition of extended sentences for persistent sexual offenders, as reflected by the fact that the legislature made such impositions mandatory under § 558.018, while similar impositions under § 558.016 were left to the discretion of the court. (Emphasis in original.)

In *State v. Williams*, 700 S.W.2d 451 (Mo. banc 1985), the court rejected a constitutional attack on the persistent sexual offender statute, § 558.018, as facially invalid. The rejected challenge was based on alleged violations of the due process and ex post facto enactment provisions of the federal and Missouri Constitutions.

In *State v. Koonce*, 731 S.W.2d 431 (Mo. App.1987), defendant was found guilty of four sexual offenses and, for each offense, he was sentenced as a persistent sexual offender to 30 years' imprisonment without parole, the sentences to run consecutively. Defendant challenged the sentence as cruel and unusual punishment. The court rejected defendant's challenge. The court said, at 443:

In Missouri it has consistently been held that a punishment within the statutory limits established by the lawful representatives of the people is not cruel and unusual when the statute authorizing the punishment is not invalid, and when the punishment imposed is within the range prescribed by the legislature, it cannot be judged to be excessive by an appellate court.... In Missouri, a punishment within the statutory limits is not cruel and unusual unless it is so dispro-

portionate so as to shock the moral sense of all reasonable men.

In *State v. Taylor*, 735 S.W.2d 412 (Mo. App.1987), defendant was found guilty of having deviate sexual intercourse with a girl to whom he was not married and who was less than 14 years of age. He was sentenced as a persistent sexual offender to imprisonment for 50 years without parole. On appeal, he contended that the sentence constituted cruel and unusual punishment. Rejecting defendant's position, the court stated, at 420, that it considered the offense of which he was convicted "to be aggravated, brutal and of grave consequences to the victim and society." The court also said: "[T]his court finds the punishment is not grossly disproportionate to the offense and is not such as to shock the moral sense of all reasonable men as to what is right and proper under the circumstances." *Id.*

In *State v. Hill*, 827 S.W.2d 196 (Mo. banc 1992), defendant was convicted of trafficking drugs in the first degree and was sentenced to a term of 30 years without parole. Rejecting his contention that the sentence constituted cruel and unusual punishment, the court noted that great deference is paid to the legislature's prescription of punishment, that drug trafficking is a serious matter, and that the legislature could properly mandate a severe sentence.

This court flatly rejects defendant's argument that the instant offense is "such a minor offense." That argument is so baseless and outrageous that it is self-destructive. Defendant's second point has no merit.

The judgment is affirmed.

### Case No. 17571

After the jury trial, defendant filed a pro se motion under Rule 29.15, seeking post-conviction relief. Later, through his appointed counsel, movant filed an amended Rule 29.15 motion. The trial court entered findings of fact and conclusions of law with respect to each motion and denied both of them without an evidentiary hearing. Mov-

ant makes no complaint concerning the denial of the pro se motion.

Movant's sole point is that the trial court erred in denying his amended motion without an evidentiary hearing "because the court violated Rule 29.15(b) and (f) in that the amended motion substantially complied with Criminal Procedure Form 40 and movant verified the amended motion by affidavit timely filed and attached to the motion. Alternatively, the court below failed to inquire whether any defect that occurred in verification resulted from counsel's inaction or movant's."

The trial court made the following findings of fact with respect to the amended motion:

A 40 page document labeled "Amended Motion to Vacate Sentence and Judgment and Leave to Amend and Request for Hearing" was timely filed on October 29, 1990. The document was not signed by Movant, but was signed by an attorney that on the same date filed an Entry of Appearance on behalf of Movant. On October 29, 1990, a separate document, "Verification," was also filed. This document was signed by Movant but incorrectly and inaccurately stated "that I have subscribed to the foregoing motion."

With respect to the amended motion, the trial court made the following "Conclusions of Law":

Any amended motion shall be verified by Movant; if an amended motion is not verified, it should be dismissed; the amended motion must be substantially in the form of Criminal Procedure Form 40; an amended motion that does not comply with the signature and verification requirements of Criminal Procedure Form 40 and is not substantially in the form of Criminal Procedure Form 40 is a nullity; only when the requirements of Rule 29.15 are met will a court have jurisdiction to consider the merits of movant's claim; the requirements of Rule 29.15 are valid, mandatory and reasonable.

The trial court entered an order "that the amended motion be hereby dismissed for the reason that it does not comply with the signature and verification requirements of Rule 29.15 and Criminal Procedure Form 40 and is not substantially in the form of Criminal Procedure Form 40."

Movant argues that a document entitled "Verification," filed on the same date as the amended motion was filed, constitutes a sufficient verification. Movant argues, alternatively, that if the verification is insufficient, this court should reverse the order of the trial court denying the amended motion and remand with instructions to the trial court to hold a hearing to determine whether counsel abandoned movant by failing to obtain proper verification.

The brief of the state, as respondent, states: "Respondent concedes that appellant's motion satisfies the verification requirements of Rule 29.15.... Consequently this matter should be remanded to the motion court for consideration of the claims contained in appellant's timely and verified motion."

■ "A judgment will ordinarily be reversed on a confession of error by appellee, respondent, or defendant in error, without a consideration of the merits or opinion as to the extent of the error, and although a public question is involved." 5B C.J.S. Appeal & Error § 1887. For the reasons which follow, this court holds that the foregoing principle does not apply under the circumstances here and that this appeal has no merit.

■ "Appellate review of the trial court's action on the motion filed under this Rule 29.15 shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(j). If the findings and conclusions of the trial court are not clearly erroneous, this court lacks authority to interfere with the ruling of the trial court, and this is so even if, as here, the state concedes that some of the trial court's findings and conclusions are clearly erroneous. It is the existence of clear error, not the state's mere concession that it exists, which permits appellate relief. See *State ex rel. Carver v. Whipple*, 608 S.W.2d 410, 413[5] (Mo. banc 1980).

The respective briefs of the movant and the state discuss the issue of the adequacy of the verification of the amended motion. It is unnecessary to address that issue because that was not the only ground of the trial court's ruling. An additional ground was that the amended motion "is not substantially in the form of Criminal Procedure Form 40."

"A person seeking relief pursuant to this Rule 29.15 shall file a motion to vacate, set aside or correct the judgment or sentence substantially in the form of Criminal Procedure Form 40." Rule 29.15(b). Criminal Procedure Form 40 is set forth at pages 190–192 of Missouri Rules of Court (1992).

■ The amended motion, as the trial court pointed out, is 40 pages long. It does not even remotely follow the format of Form 40. It is a rambling, vague and prolix writing of the type often submitted by jailhouse lawyers. The amended motion was not drafted by movant's appellate counsel.

The amended motion contains extensive quotations from many cases. It does not contain any paragraph comparable to paragraphs 8 and 9 of Form 40. Paragraph 8 of Form 40 requires a concise statement of all grounds known to movant for vacating, setting aside or correcting the conviction and sentence. Paragraph 9 of Form 40 requires a concise statement "and in the same order" of the facts which support each of the grounds set out in (8) and the names and addresses of the witnesses or other evidence upon which movant intends to rely to prove such facts.

■ A movant is entitled to an evidentiary hearing on his Rule 29.15 motion only if the motion alleges facts, not conclusions which, if true, would warrant relief, and the matters complained of must have resulted in prejudice to movant. *State v. Dudley*, 819 S.W.2d 51, 56[8] (Mo.App. 1991). Neither the brief of movant nor that of the state points to any fact alleged in the amended motion which, if true, would warrant relief and which resulted in prejudice to movant.

The requirement of Rule 29.15(b) that a motion seeking relief under Rule 29.15 be substantially in the form of Criminal Procedure Form 40 is not imposed solely for the convenience of the state as respondent. Its manifest purpose is to provide not only the state but also the trial court, and the appellate court on review, with an orderly and concise statement of the grounds on which movant bases his request for post-conviction relief. Even if the amended motion was properly verified, a matter which this court does not decide, the fact remains that the body of the motion is not "substantially in the form of Criminal Procedure Form 40" as required by Rule 29.15(b). The trial court found the amended motion to be defective in that respect. That finding is not clearly erroneous and, indeed, is clearly supported by the record.

The judgment is affirmed.

SHRUM, P.J., files opinion concurring in part and concurring in result in part.

MAUS, J., concurs.

SHRUM, Presiding Judge, concurring in part and concurring in result in part.

I concur in the principal opinion in its affirmance of the defendant-movant's conviction in Case No. 16972. I concur in the result in Case No. 17571, the appeal from the denial of post-conviction relief.

I write separately in Case No. 17571 to express my concern that the facts might be misinterpreted to imply that the amended motion, aptly dubbed in the principal opinion as "a rambling, vague and prolix writing of the type often submitted by jailhouse lawyers," was, indeed, drafted by someone other than appointed counsel who simply added his name to it without first ascertaining whether that document, in the words of Rule 29.15(e), "sufficiently alleges the additional facts and grounds." I find nothing in the record to confirm such practice occurred in this case. However, I believe such practice, if true, might implicate *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991), which requires the motion court to inquire, *sua sponte*, into the performances of appointed counsel and the movant where the record does not indicate whether coun-

sel made the determinations required by Rule 29.15(e). 807 S.W.2d at 498.

To avoid any possible misunderstanding, I would affirm the judgment below on another basis. In his amended motion, the movant set out nine "claims" or grounds for relief. Eight of those nine grounds either are not cognizable in a post-conviction relief proceeding or concern matters dealt with in Case No. 16972, the direct appeal. In the one "claim" that might provide relief for the movant, the amended motion expanded at length the terse allegation in the pro se motion that the movant received ineffective assistance of counsel. Although the motion court dismissed the amended motion, in part because it "is not substantially in the form of Criminal Procedure Form 40," it made other findings and conclusions that provide ample grounds for affirmance. The motion court dealt with the issue of ineffective assistance of counsel thus:

10. Although not requested to do so by Movant, this court has taken judicial notice of its records and has reviewed the entire file, including the Transcript on Appeal. Movant was not denied effective assistance of trial counsel. Considering the extremely strong case the State had against Movant, no prejudice occurred in this case.

I would affirm the denial of post-conviction relief based on a determination that the motion court was not clearly erroneous in its findings and conclusions concerning the performance of trial counsel and the lack of prejudice. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).